**UNITED STATES of America,
Plaintiff,**

v.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a national banking association, Defendant.**

**Civ. No. 426-61.**

United States District Court
S. D. California,
Central Division.

May 18, 1964.

Francis C. Whelan, U. S. Atty., for the Southern District of California, by Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, and Herbert D. Sturman, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Hugo A. Steinmeyer, Robert H. Fabian and Alfred T. Twigg, Los Angeles, Cal., for defendant.

CLARKE, District Judge.

This action involves priority of claims to funds in a taxpayer's bank accounts. The United States asserts a lien right; and the defendant bank asserts a statutory right of setoff. There is no dispute as to the facts, both parties having moved for summary judgment.

The taxpayer, J. B. Edmondson, maintained accounts with defendant bank at a branch office in Fullerton, Orange County, California. The accounts stood in the taxpayer's own name and in certain business names. For aught that appears in the record, the businesses were sole proprietorships. The accounts have been treated by the parties as being those of the individual taxpayer, and this Court shall so treat them.

The taxpayer became indebted to the United States for withholding and F.I.C.A. (Social Security) taxes for the first, second and third quarters of 1955. Notices of the various assessments were given, and demands for payment made of the taxpayer, in accordance with applicable provisions of the Internal Revenue Code. Notice of lien for the first assessment was filed in Orange County, California, October 19, 1955; notices as to the two other assessments were filed in Orange County January 28, 1958.

On August 27, 1959, the district director of Internal Revenue served upon defendant a notice of levy upon all property or rights of property belonging to the taxpayer. By this notice, demand was made of defendant for $12,219.09, this being a portion of the amount defendant then owed the taxpayer. Defendant had no actual knowledge of the existence of the assessments, nor of any United States tax lien against the taxpayer's property, prior to service of this notice.

The district director served final demand upon defendant September 25, 1959. Defendant has refused to pay any of the amount to the Government.

On the date of the notice of levy, the taxpayer's accounts with defendant bank showed total credits of $6,658.31. This figure included amounts credited to Edmondson for deposits during the preceding 30 days of part of the proceeds of various checks drawn on other banks.

At the time of such levy, the taxpayer was indebted to the bank in the amount of $11,570.40 upon the following instruments:

Conditional sale contract, dated March 18, 1958, for purchase of an automobile, which contract was assigned by the seller to defendant March 26, 1958.

Conditional sale contract, dated March 19, 1959, for purchase of an automobile, which contract was assigned by the seller to defendant March 19, 1959.

Conditional sale contract, dated March 20, 1959, for purchase of an automobile, which contract was assigned by the seller to defendant March 20, 1959.

Conditional sale contract, dated September 5, 1958, for purchase of an automobile, which contract was assigned by the seller to defendant September 5, 1958.

Conditional sale contract, dated December 10, 1958, for purchase of an automobile, which contract was assigned by the seller to defendant December 10, 1958.

Promissory note, dated April 21, 1959, payable to the order of defendant, in the amount of $1,200.00, which instrument was payable on demand, or, if no demand were made, on June 19, 1959.

Promissory note, dated May 26, 1959, payable to the order of defendant, in the amount of $1,284.00, secured by a mortgage upon a boat.

With exception of the demand note, each of these instruments contained an acceleration clause providing that in the event of default, all sums unpaid should, at the option of the creditor, immediately become due and owing.

As of the date of the levy, no demand had been made for payment of the demand note, nor had any payment been made thereon. On each of the other instruments there was an installment past due which had not been paid.

The day following the notice of levy, the bank made bookkeeping entries charging the taxpayer's accounts with the sum of $6,658.31 (the entire amount on deposit) and crediting this sum against the balances due on the various instruments as follows:

A. On conditional sale contracts for cars:

| Car | Balances due 8–27–59 | Credit Given for Unearned Portion of Finance Charge | Distribution of $6,658.31 | Balances After Entries |
|---|---|---|---|---|
| 1959 Chev. | $1,853.68 | $132.33 | $1,721.35 | Ø |
| 1959 Ford | 2,125.14 | 52.14 | 2,073.00 | Ø |
| 1957 Cad. | 2,842.02 | | 367.88 | $2,474.14 |
| 1959 Ford | 2,205.12 | | none | 2,205.12 |
| 1956 Ford | 135.30 | | 135.30 | Ø |
| | $9,161.25 | $184.47 | $4,297.53 | $4,679.26 |

B. On boat mortgage:

| | $1,179.14 | $ 48.46 | $1,130.68 | Ø |
|---|---|---|---|---|

C. On unsecured note:

| | $1,230.10 | | $1,230.10 | Ø |
|---|---|---|---|---|
| | | Total: | $6,658.31 | |

The Government claims a prior right under Internal Revenue Code §§ 6321, 6322, 6323, 6331 and 6332, governing liens for taxes and enforcement thereof. Defendant relies principally upon California Code of Civil Procedure, § 440:

> *"Counterclaim; compensated demands; effect of assignment or death*
>
> "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

The Court views this case as being controlled by the decision in Bank of Nevada v. United States, 251 F.2d 820 (9th Cir. 1957), cert. denied, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958), notwithstanding that defendant herein relies on a statutory right of setoff under state law, while in the Bank of Nevada case reliance was on a "general lien or right of set off." As the Court pointed out in that case, 251 F.2d at p. 824:

> "The Supreme Court has repeatedly and emphatically stated that Federal tax liens and the provisions for their collection are strictly *Federal* and strictly statutory. * * *
>
> * * * * *
>
> "Section 6332(a) [of the Internal Revenue Code] gives the appellant [bank] only two defenses; namely, (1) that it was not in possession of property of the taxpayer which was subject to levy; or (2) that the property was subject to a prior judicial attachment or execution. The statute admits of no other defenses." (Emphasis in quoted material.)

While this in itself was sufficient to defeat the claim of the defendant in the Bank of Nevada case, the court went on to point out the Government's claim arose before any right under the instruments held by the bank. The same is true in the present case.

In the Bank of Nevada case, the defendant's claim was based upon a demand note similar to one of the instruments here. The Court of Appeals noted the bank's right of setoff arose only subsequently to and as a result of the tax levy, and hence the bank did not have priority.

Defendant argues with some ingenuity the bank was purchaser of certain checks, part of the proceeds of which were deposited to the taxpayer's various accounts during the 30 days preceding the levy, and consequently the lien is not valid against defendant under Internal Revenue Code § 6323. That section provides that the lien shall not be valid "as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice has been filed.

Here the Government did not seek to levy upon any property purchased by the bank (i. e., the checks) but rather upon the defendant's debt to the taxpayer. Nor did the Government levy upon mortgaged property, although the bank was a mortgagee.

It is inconceivable that, by § 6323, Congress meant to say if a bank or other entity became a purchaser or a mortgagee in one transaction, funds held by it as a result of another transaction (i. e., creation of a debtor-creditor relationship in respect to a bank deposit) would be beyond the reach of the Government in a proceeding such as this.

Nor do we find persuasive the defendant's argument that the taxpayer himself, being indebted to the bank, could not demand payment on his accounts and therefore the Government could not demand such payment. While the bank asserts it had a right of setoff, it had not exercised this right as of August 27, 1959.

Plaintiff shall have judgment against defendant in the amount of $6,658.31, together with interest as provided by law, and costs.