**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, a national banking association, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 19469.

United States Court of Appeals Ninth Circuit.

May 13, 1965.

Samuel B. Stewart, Robert H. Fabian, Alfred T. Twigg, Los Angeles, Cal., for appellant.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Fred E. Youngman, Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Sec., Los Angeles, Cal., for appellee.

Before POPE, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

This appeal presents the question whether a Government tax levy[1] upon the taxpayer's checking and savings accounts prevails over an existing indebtedness from the taxpayer to the bank.[2]

Assessment for delinquency against the taxpayer was made by the Director in 1955. Notices of tax lien were recorded in 1955 and January, 1958. Obligations of the taxpayer to the bank arose by virtue of various loans made commencing in March of 1958. The amounts here involved were deposited to the taxpayer's accounts prior to August 27, 1959. Notice of levy was served on the bank on August 27, 1959. At that time the taxpayer was indebted to the bank in the sum of $11,570.49. His bank accounts then amounted to $6,658.-31. The day following the Government levy, by bookkeeping entry, the bank credited the amount in the taxpayer's accounts against the taxpayer's indebtedness to the bank.

The District Court, in holding for the Government, ruled that this case is controlled by our decision in Bank of Nevada v. United States, 251 F.2d 820 (9th Cir. 1958), cert. denied, 356 U.S. 938, 78 S. Ct. 780, 2 L.Ed.2d 813 (1958). We agree.

The bank seeks to distinguish this case upon the ground that in Bank of Nevada, supra, it was the levy itself which accelerated and rendered mature the obligation of the depositor to the bank, while here the obligation was mature at the time the deposit was made and at all times thereafter. The language and rationale of the Bank of Nevada case do not permit of such a distinction, 251 F. 2d 820, 827.

Judgment affirmed.

---

1. Under Int.Rev.Code of 1954, §§ 6331 (Levy and Distraint) and 6332 (Surrender of Property Subject to Levy).

2. The opinion of this court on a prior appeal is reported at 317 F.2d 859 (9 Cir.,

(1963). The District Court's opinion on the remand from which this appeal is taken is reported at 229 F.Supp. 906 (S.D. Cal.1964).