**UNITED STATES of America,**
**Plaintiff,**

v.

**ST. JOHNS COMMUNITY BANK,**
**Defendant.**

**No. 68 C 340(2).**

United States District Court
E. D. Missouri, E. D.

June 10, 1969.

**150**

Jim J. Shoemake, St. Louis, Mo., and James McBride, Dept. of Justice, Washington, D. C., for plaintiff.

Richard A. Roth, Clayton, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This action was commenced on July 29, 1968, by the United States to enforce a levy for unpaid tax liability of Manuel L. and Lillian W. Sislen. The matter was submitted to the Court upon stipulations of facts. Each party filed briefs in support of its contentions. The stipulations of facts will be adopted as the Court's finding of facts. Particular facts will be set forth here only in the interest of clarity. This Court has jurisdiction of this action under the provisions of 28 U.S.C. §§ 1340 and 1345.

A notice of federal tax lien was filed with the Recorder of Deeds, St. Louis County, Missouri, on August 23, 1967, against Manuel L. and Lillian W. Sislen for an unpaid assessment for federal income tax in the amount of $28,387.40. A notice of levy was served upon the defendant, St. Johns Community Bank, on September 8, 1967, seizing all property and rights to property of the taxpayer which were in the possession of the defendant. Manuel L. Sislen, at the time notice of the levy was served, had on deposit with the defendant $2,622.96 in a checking account.

The defendant, after receiving notice of the levy, caused $2,622.92 to be withdrawn from the taxpayer's checking account by a debit memorandum dated September 8, 1967. This amount was not actually withdrawn from the checking account until September 11, 1967.

It was credited to a loan account of Manuel L. Sislen with the defendant on April 11, 1968. This loan was obtained by Manuel L. Sislen on September 15, 1964, in the amount of $20,000. The note was payable in monthly installments with interest at the rate of six percent per annum. The note provided if default was made in the payment of any of the monthly installments, that the defendant, at its option, could declare the entire note immediately due and payable. In the event the defendant did not exercise its option to declare the remaining balance due and payable, then interest was to be eight percent per annum during the period of delinquency. The note was secured by chattel mortgages and by assignment of leases on real property. At the time of the levy, on September 8, 1967, the balance due on this note was $14,311.52, and Manuel L. Sislen was in default in the amount of $5,145.49.

On September 8, 1967, the defendant had not, nor has it since that time, exercised its option to declare the entire note due and payable. Exhibit D to the stipulation of facts shows that payments have been made on the loan at various times both before and after September 8, 1967. The defendant, although it withdrew the $2,622.92 from the taxpayer's checking account on September 8, 1967, did not credit this amount to the loan account until April 11, 1968.

The defendant contends that the United States is not entitled to this amount because under Missouri law an equitable right of setoff exists in the money on deposit in the taxpayer's checking account. Title 26, U.S.C., § 6321, provides that when a tax is not paid by the person liable, that there "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Bank deposits of the taxpayer are subject to this lien. MacKenzie v. United States, 109 F.2d 540 (9th Cir. 1940). Section 6331(a) of 26 U.S.C. provides for levy and distraint upon property and rights to property subject to such lien,

and section 6332 provides for surrender of such property or rights to property by persons in possession thereof. The defendant in this case contends, in essence, that the amount in the taxpayer's checking account, under the facts in this case, is not "property or rights to property" belonging to the taxpayer because of the existence of the equitable right of setoff which defendant claims exists under Missouri law. The United States Supreme Court in Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L. Ed.2d 1365 (1960), held that the federal courts must look to state law to determine the extent to which a taxpayer had property or rights to property on which the tax lien could attach. Once the tax lien has attached, then federal law determined the priority of competing liens.

The defendant maintains that it is a general rule of Missouri law that a bank may look to any deposits in its hands for repayment of indebtedness due to the bank, citing Adelstein v. Jefferson Bank & Trust Co., 377 S.W.2d 247 (Mo.1964). The Court in that case noted that such right arose out of the debtor and creditor relationship, and found its basis in the right of setoff and in equitable principles.

Research did not reveal any court decisions involving Missouri banks and the federal tax lien on depositors' accounts. There have been several decisions in other circuits involving banks and deposits in other states. Equitable setoff absent a state statute was allowed by the Fifth Circuit in United States v. Bank of Shelby, 68 F.2d 538 (5th Cir. 1934), in a situation involving an insolvent taxpayer and in which the credit balance in the checking account arose out of the same transaction which created the debt to the bank. Setoff was also allowed in United States v. Bank of United States, 5 F.Supp. 942 (S.D.N.Y.1934), where the bank held a demand note which the Court held was entitled to "offset" under New York law. The taxpayer in United States v. National Bank of Commerce, 246 F.Supp. 597 (E.D.La.1965), had two checking accounts, one over-

drawn and one with a balance. The Court held that the tax lien did not reach the latter because a Louisiana statute gave the bank a right of "compensation" and no positive act was required by the bank to perfect this right.

The cases of United States v. Home Savings & Loan Ass'n, 66–1 U.S.T.C. 9451 (D.N.Mex.1966), and United States v. Harris, 249 F.Supp. 221 (W.D.La. 1966), do not concern the present issue. Both of these cases involved accounts which had been assigned as collateral for loans. These concern the issue of priority of liens and not the determination of the property interest that the tax lien may reach. See Aquilino v. United States, supra.

Setoff was denied by the Ninth Circuit in Bank of America National Trust and Savings Ass'n v. United States, 345 F.2d 624 (9th Cir. 1965), affirming 229 F.Supp. 906 (S.D.Cal.1964), and in Bank of Nevada v. United States, 251 F.2d 820 (9th Cir. 1957), affirming 155 F. Supp. 164 (D.Nev.1957). The Court denied setoff in the *Bank of Nevada* case because the attempted exercise of the option of setoff occurred after the Government's levy. The setoff was denied in the *Bank of America National Trust & Savings Ass'n* case because, although the depositor's debt was due and payable at the time of the levy, the attempted setoff was not exercised until after the levy.

It is not necessary, however, for this Court to rule upon the point raised by the Government that the attempted setoff by the defendant here was not exercised until after notice of the levy had been served on September 8, 1967. The Missouri law applicable to this situation is enunciated by the Missouri Supreme Court in Adelstein v. Jefferson Bank & Trust Co., supra. The Court in that case states that as a general rule a bank has a right to apply funds of a depositor to offset an indebtedness owed to it by that depositor. The Court points out that this right arises out of equitable principles. That this is an equitable right is clear from other Missouri deci-

sions. See, e. g., Bollow v. Farmers' Bank of Leonard, 45 S.W.2d 882 (St.L. Mo.App.1932); Iler v. Midland National Bank, 69 Mo.App. 64 (K.C.Mo.1897); Kortjohn v. Continental National Bank of St. Louis, 63 Mo.App. 166 (St.L.Mo. App.1895).

 The application of equitable principles to the particular facts in this case requires that the defendant not be allowed to apply the taxpayer's checking balance to the loan account here. The taxpayer obtained the loan in October of 1964. Payments were to be monthly. The first payment missed by the taxpayer, as evidenced by Exhibit D, was in February of 1965. At the time of the levy, on September 8, 1967, the taxpayer was in default in a total amount of $5,-145.49. The defendant had the option to declare the entire note due and payable upon default of any monthly payment. In the event the option was not exercised, then the note provided that interest would be at the rate of eight percent rather than the original six percent. Although the note was in default beginning originally in February of 1965, payments had been made prior to and subsequent to the date of the levy. When the defendant received notice of the levy on September 8, 1967, it withdrew $2,622.92 from the taxpayer's checking account, leaving a balance of four cents. The defendant did not, then, nor has it ever, declared the entire note due and payable. The defendant did not credit this amount to the loan account until April 11, 1968. There is no showing that the taxpayer is insolvent and the defendant in danger of taking a loss on the loan. The loan is secured by chattel mortgages and by assignment of leases on real property. [This Court is aware that a bank has the option of pursuing the security or of seeking to apply other funds in its hands to a depositor's debt. See Boydston v. Bank of Camden Point, 141 S.W.2d 86 (K.C.Mo. App. 1940), and Southern Missouri Trust Co. v. Crow, 272 S.W. 1040 (Spr.Mo. App.1925). This does not affect the equities, however.]

Considering all of these facts, it is not equitable to allow the defendant to defeat the lien of the United States for taxes owed by the depositor. The defendant was content to carry the note in default prior to the levy and collect the eight percent. It is still content to carry the note in default even after the levy; the checking account balance does not cure the default. There is no showing that the defendant will be injured if the levy is allowed. Only the taxpayer benefits if the bank's setoff is allowed in this case. Accordingly, judgment will be entered for the United States.