**UNITED STATES of America,**
**Plaintiff,**

v.

**FIRST NATIONAL BANK OF**
**ARIZONA, Defendant.**

**No. Civ. 69–494 Phx.**

United States District Court,
D. Arizona.

April 8, 1970.

Richard K. Burke, U. S. Atty., for the District of Arizona, Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

Earl E. Weeks, of Streich, Lang, Weeks, Cardon & French, Phoenix, Ariz., for defendant.

MEMORANDUM AND ORDER

COPPLE, District Judge.

This is an action brought by the United States to enforce a levy for unpaid tax liability. Involved is a priority of claims to funds in a delinquent taxpayer's bank account. The Government asserts a tax lien; the bank asserts a right of setoff. Both parties have moved for summary judgment on stipu-

lated facts and have filed memoranda setting forth their respective positions. A hearing on the motions was held before this Court on April 6, 1970, and subsequent to hearing the arguments of both parties the motions were taken under advisement.

This Court has jurisdiction under 28 U.S.C. §§ 1340 and 1345.

In the Court's view, the decision in Bank of Nevada v. United States, 251 F.2d 820 (9th Cir.1967), cert. denied, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958), is controlling and requires judgment for the United States. Broadly read, the case stands for the proposition that the Government's lien has priority wherever "the attempted exercise of the option of setoff occur[s] after the Government's levy." United States v. St. Johns Community Bank, 302 F.Supp. 149, 151 (E.D.Mo.1969); see United States v. Bank of America National Trust & S. Ass'n, 229 F.Supp. 906 (S.D.Cal.1964), aff'd, 345 F.2d 624 (9th Cir.1965). At minimum, it sets forth the doctrine that the federal tax lien prevails if the depositor's debt is not yet due and it is the levy itself which triggers acceleration and maturity of the obligation and the bank's claimed right of setoff. This is precisely the situation herein, where the Government levy substantially antedated the due date of the obligation which the defendant is attempting to set off. Until a bank has notified its depositor and then *exercised* its right of setoff, the depositor is free to withdraw from his account, and it is inconceivable that Congress, by virtue of 26 U.S.C. § 6323, intended to prohibit the Government from levying on that which is plainly accessible to the delinquent taxpayer-depositor.

United States v. Winnett, 165 F.2d 149 (9th Cir.1947), relied upon by the defendant, is not in point. As pointed out in *Bank of Nevada, supra,* the Court in *Winnett* applied the now discredited "relation back" doctrine. Furthermore, the *Winnett* holding was primarily premised on the insolvency of the debtor. See *Bank of Nevada,* 251 F.2d at 828. Here, there is no indication that the debtor has not or will not make good on the debt, let alone any allegation that the debtor is insolvent. Finally, the *Winnett* court observed that Winnett would be required to pay the same debt twice, where here, as in *Bank of Nevada,* the defendant "is in no such danger" inasmuch as "payment to the government pursuant to the levy and notice is a complete defense to the debtor against any action brought against him on account of the debt." *Id.* at 828.

In view of the above conclusions,

It is ordered that defendant's motion for summary judgment is denied.

It is further ordered that plaintiff's motion for summary judgment is granted.