**UNITED STATES of America,
Plaintiff,**

v.

**TRANS–WORLD BANK, Defendant.**

**Civ. No. 73–1829–HP.**

United States District Court,
C. D. California.

July 17, 1974.

U. S. Atty., Los Angeles, Cal., for plaintiff.

Morris L. Davidson, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PREGERSON, District Judge.

Plaintiff, United States of America, filed suit seeking to have this Court declare Defendant, Trans-World Bank (hereafter "Defendant-Bank") personally liable for its refusal to honor an Internal Revenue Service levy served upon it on November 1, 1971.[1] In addition, Plaintiff requested that a penalty equal to fifty percent (50%) of the amount recoverable under the levy be imposed against Defendant-Bank, since it acted without "reasonable cause" in failing to honor the levy.[2]

On May 3, 1974, Plaintiff filed its motion for summary judgment supported by a memorandum of points and authorities and attached exhibits. Thereafter, on May 20, 1974, Defendant-Bank filed its points and authorities in opposition to Plaintiff's motion. The matter was heard by this Court on June 10, 1974. Assistant United States Attorney Authur M. Greenwald appeared for Plaintiff and Attorney Morris L. Davidson appeared for Defendant-Bank.

Defendant-Bank, through its attorney, Morris L. Davidson, represented to the Court at the June 10, 1974 hearing that there were no genuine issues of

William D. Keller, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Authur M. Greenwald, Asst.

1. Section 6332(c)(1) of Title 26, United States Code provides:

"(c) *Enforcement Of Levy.*

(1) *Extent Of Personal Liability.* Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy. Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made."

2. Section 6332(c)(2) of Title 26, United States Code provides:

"(c) *Enforcement Of Levy.*

(1) *Extent of Personal Liability.* * * *

(2) *Penalty For Violation.* In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made."

material fact to be resolved. Prior to the hearing, Defendant-Bank did not file a "statement of genuine issues" setting forth all material facts as to which it contended there existed a genuine issue to be litigated.[3] Moreover, Defendant-Bank did not file any affidavit controverting the facts claimed by Plaintiff in its motion; therefore, the facts claimed by Plaintiff are deemed admitted.[4]

In its motion, Plaintiff contended that the sum of $1,260.35 on deposit in a checking account maintained at Defendant-Bank by taxpayer, Arnold A. Winter (hereafter referred to as "Taxpayer Winter") was "property or rights to property subject to levy," as that term is used in Section 6332(a) of Title 26, United States Code.[5] Moreover, since Defendant-Bank refused to turn over this sum to Plaintiff, as required by the levy, Defendant-Bank, under the provisions of Section 6332(c)(1), became personally liable to Plaintiff for the sum of $1,260.35. Furthermore, because its refusal was without reasonable cause, Defendant-Bank became liable for the fifty percent (50%) penalty imposed by Section 6332(c)(2).

In opposing Plaintiff's motion, Defendant-Bank contended that on the date the levy was served, it did not hold any property belonging to Taxpayer Winter which was subject to levy because on that date, it was entitled to set off against the sum of $1,260.35 in Taxpayer Winter's checking account debts in excess of that amount then owed it by Taxpayer Winter. At the June 10, 1974 hearing, Defendant-Bank acknowledged that it had not exercised any right of setoff before the levy was served.

Defendant-Bank also contended that it should not be subjected to the penalty imposed by Section 6332(c)(2) because it had reasonable cause to refuse to honor the levy, since this action was to be a test case in this Circuit.

In response to Defendant-Bank's arguments, Plaintiff contended that it is the *exercise* of the right of setoff that determines whether the property in question is subject to levy, not the *existence* of that right.

Further, Plaintiff contended that in the light of long standing judicial recognition of the importance of the govern-

3. Local Rule 3(g)(2) provides:
 "Any party who opposes the motion [for summary judgment] shall, not later than five (5) days after service of the notice of motion upon him serve and file a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated."

4. Rule 56(e) of the Federal Rules of Civil Procedure provides:
 "(e) *Form Of Affidavits; Further Testimony; Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 Local Rule 3(g)(3) provides:
 "In determining any motion for summary judgment, the court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by affidavit filed in opposition to the motion."

5. Section 6332(a) of Title 26, United States Code provides:
 "Sec. 6332. *Surrender Of Property Subject To Levy.*
 (a) *Requirement.*
 Except as otherwise provided in subsection (b), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary of his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

ment's ability to collect revenue expeditiously, it is essential that reasonable cause not encompass a clearly erroneous view of the law. In this regard, Plaintiff referred to the dissent of Circuit Judge Friendly in the case of United States v. Sterling National Bank & Trust Co. of New York, 494 F.2d 919, 923 (2d Cir. 1974).

This Court, having considered the pleadings, exhibits, memoranda, and arguments of counsel, and being fully advised, now makes the following findings of fact and conclusions of law:

# I

## FINDINGS OF FACT

1. This action was commenced by Plaintiff pursuant to Section 7401 of Title 26, United States Code, at the direction of the Attorney General and at the request of and with the authorization of the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury.

2. On September 30, 1970, Taxpayer Winter and his wife, Betty L. Winter, borrowed $2,710.62 from Defendant-Bank. This loan was secured by certain personal property, as more particularly described in a financial statement filed with the California Secretary of State on October 21, 1970.[6]

3. On May 14, 1971, for the taxable year 1968, Plaintiff assessed Taxpayer Winter the sum of $10,296.82. This assessment consisted of unpaid income taxes in the amount of $7,265.59, together with the penalty provided by Section 6651(a)(1) of Title 26, United States Code in the amount of $1,791.40, plus the penalty provided by Section 6653(a) of Title 26, United States Code in the amount of $358.28, together with interest thereon as provided by law in the amount of $881.55. Moreover, on May 14, 1971, notice of the assessment and demand for payment of the sum of $10,296.82 were made upon Taxpayer Winter by Plaintiff.

4. In connection with this 1968 assessment of $10,296.82, Taxpayer Winter has made payments to Plaintiff totaling $912.90. To date, there is due and owing to Plaintiff from Taxpayer Winter for unpaid 1968 income taxes the sum of $9,383.92 plus interest thereon as provided by law.

5. On August 11, 1971, Taxpayer Winter borrowed the additional sum of $1,845.96 from Defendant-Bank. This second loan also was secured by certain personal property, as more particularly described in a security agreement dated August 11, 1971, signed by Taxpayer Winter.[7]

6. On September 29, 1971, Plaintiff filed a notice of tax lien with the Los Angeles County Recorder's Office regarding its May 14, 1971 assessment.

7. On November 1, 1971, Plaintiff served a notice of levy upon Defendant-Bank. The notice declared that, as of November 1, 1971, Taxpayer Winter was indebted to Plaintiff in the amount of $10,579.48, that demand had been made upon him for this amount, and that he had neglected and refused to pay that sum. In addition, the notice told Defendant-Bank that all property, rights to property, monies, credits and bank deposits in its possession on November 1, 1971 which belonged to Taxpayer Winter were levied upon and seized to satisfy his tax liability, and furthermore, that demand was being made on Defendant-Bank to surrender these properties to Plaintiff to be applied against Taxpayer Winter's tax liability.

8. On November 1, 1971, the loans of September 30, 1970 and August 11, 1971 were in default in the amounts of $1,064.73 and $1,697.13, respectively.

---

6. Section 9302(1) of the California Commercial Code requires the filing of a financial statement by the Defendant-Bank to perfect a security interest in the property pledged as collateral for the loan. Section 9401(1) of the California Commercial Code required the filing of the instant financial statement with the California Secretary of State.

7. Section 9203(1)(b) of the California Commercial Code provides, in pertinent part, that a security interest is not enforceable against the debtor or third parties unless the debtor has signed a security agreement which contains a description of the collateral pledged.

9. On November 1, 1971, the date the levy was served, Taxpayer Winter maintained at Defendant-Bank a checking account (Account Number 01–010–206) in the name of Arnold A. Winter, d/b/a Winter's Building Maintenance. On that date, the checking account had a balance of $1,260.35. The checking account had not been pledged as security for either the September 30, 1970 or August 11, 1971 loans.

10. Because Defendant-Bank failed to surrender to Plaintiff the funds maintained by Taxpayer Winter in this checking account, Plaintiff, on November 30, 1971, served upon Defendant-Bank a final demand, which directed Defendant-Bank to honor the levy as required by Section 6332(a) of Title 26, United States Code. To date, Defendant-Bank has failed to honor the levy.

11. Before Defendant-Bank was served with notice of levy, it had not exercised any right of setoff on Taxpayer Winter's checking account in connection with any loans owed it by Taxpayer Winter.

12. On November 29, 1971, Morris L. Davidson, attorney for Defendant-Bank, wrote a letter to Revenue Officer R. D. Leslie of the Internal Revenue Service stating that Defendant-Bank would surrender the sum of $1,260.35, if the Internal Revenue Service would execute a "hold harmless" agreement indemnifying Defendant-Bank from any claim asserted by Taxpayer Winter in connection with this sum.

13. On November 30, 1971, Revenue Officer R. D. Leslie replied to Mr. Davidson's letter and advised him of the protection afforded by Section 6332(d) of Title 26, United States Code.[8]

14. On December 6, 1971, Mr. Davidson wrote another letter to Revenue Officer R. D. Leslie stating that Defendant-Bank would not honor the levy because it had a security interest relating to certain obligations owed by Taxpayer Winter to Defendant-Bank which had priority over Plaintiff's tax claims against Taxpayer Winter. The nature of the security interest and the legal basis upon which the alleged priority was asserted were not set forth in Mr. Davidson's letter.

15. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true in all respects.

From the foregoing facts, the Court concludes:

## II

### CONCLUSIONS OF LAW

 1. This Court has jurisdiction by virtue of Section 7402(a) of Title 26, United States Code and Sections 1340 and 1345 of Title 28, United States Code.

 2. On November 1, 1971, the sum of $1,260.35 in Taxpayer Winter's checking account, Number 01–010–206, at Defendant-Bank was "property or rights to property subject to levy," within the purview of Section 6332(a) of Title 26, United States Code, because Defendant-Bank had not exercised any right of setoff on this checking account before it was served with the notice of levy on November 1, 1971. See United States v. First National Bank of Arizona, 348 F.Supp. 388 (D.Ariz., 1970), affirmed per curiam, 458 F.2d 513 (9th Cir. 1972), and United States v. Sterling National Bank & Trust Co. of New

---

8. Section 6332(d) of Title 26, United States Code provides:

"(d) *Effect Of Honoring Levy.*

Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary or his delegate, surrenders such property or rights to property (or discharges such obligation) to the Secretary or his delegate (or who pays a liability under

subsection (c)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment. In the case of a levy which is satisfied pursuant to subsection (b), such organization shall also be discharged from any obligation or liability to any beneficiary arising from such surrender or payment."

York, 360 F.Supp. 917 (S.D.N.Y., 1973), affirmed in part and reversed in part, 494 F.2d 919 (2d Cir. 1974).

■ 3. The defense of lien priority is not appropriate in a suit to enforce a levy under Section 6332(c) because a person served with a tax levy has only two defenses for a failure to comply; these are: (1) that the person is not in possession of taxpayer's property or (2) that the taxpayer's property is subject to a prior judicial attachment or execution. United States v. Manufacturers Trust Co., 198 F.2d 366, 369 (2d Cir. 1952). See also Bank of Nevada v. United States, 251 F.2d 820, 824 (9th Cir. 1957), cert. denied, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958); United States v. Bank of America National Trust & Savings Association, 229 F. Supp. 906, 909 (S.D.Cal.1964), aff'd per curiam, 345 F.2d 624 (9th Cir. 1965), cert. denied, 382 U.S. 927, 86 S.Ct. 316, 15 L.Ed.2d 340; United States v. Sterling National Bank & Trust Co. of New York, *supra.*

■ Other means were available to Defendant-Bank to determine the question of lien priority. First, pursuant to Section 7426 of Title 26, United States Code, Defendant-Bank could have honored the levy and instituted an action against Plaintiff to recover a money judgment based upon Defendant-Bank's claim of lien priority. Second, pursuant to Section 2410 of Title 28, United States Code, and Section 386 of the California Code of Civil Procedure, Defendant-Bank could have instituted an interpleader action in state court asserting its claim to lien priority. Third, pursuant to Section 2410 of Title 28, United States Code and Rule 22 of the Federal Rules of Civil Procedure, Defendant-Bank could have instituted an interpleader action in federal court asserting its claim of lien priority. Finally, other procedural means may have been available in accordance with Section 1346 of Title 28, United States Code. [9]

9. Section 7426 of Title 26, United States Code, in pertinent part provides:

"Sec. 7426. *Civil Actions By Persons Other Than Taxpayers.*

(a) *Actions Permitted.*

(1) *Wrongful Levy.* If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

\* \* \* \* \*

(b) *Adjudication.* The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:

\* \* \* \* \*

(2) *Recovery Of Property.* If the court determines that such property has been wrongfully levied upon, the court may—

\* \* \* \* \*

(B) grant a judgment for the amount of money levied upon. . . ."

Section 2410 of Title 28, United States Code, in pertinent part, provides:

"Sec. 2410. *Actions Affecting Property On Which United States Has Lien.*

(a) Under the conditions prescribed in this section . . . the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."

\* \* \* \* \*

Section 1346 of Title 28, United States Code, in pertinent part, provides:

"Sec. 1346. *United States As Defendant.*

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

\* \* \* \* \*

4. Under the terms of Section 6332(c)(2) of Title 26, United States Code, Defendant-Bank, having dishonored the levy of November 1, 1971, is personally liable to Plaintiff for the sum of $1,260.35.

5. Defendant-Bank did not act with reasonable cause when it refused to surrender the sum of $1,260.35 to Plaintiff.

### JUDGMENT

In accordance with this Court's Findings of Fact and Conclusions of Law,

It is hereby adjudged and decreed that the Defendant, Trans-World Bank, is indebted to the Plaintiff, United States of America, in the sum of $1,890.53 plus statutory-interest thereon as provided by law from November 1, 1971 to May 15, 1974, in the amount of $191.95, plus interest thereafter at the rate of $0.21 per day to the date of entry of this Judgment, each side to bear their own costs. Interest on this Judgment shall accrue at the rate of seven percent (7%) per annum until satisfied.

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."