**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**EUCLID NATIONAL BANK,
Defendant-Appellant.**

**No. 74–1014.**

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 1975.

Karl D. Kammer, David Ralph Hertz, Cleveland, Ohio, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., Robert R. Bauer, Asst. U. S. Atty., Cleveland, Ohio, Scott P. Crampton, Meyer Rothwacks, Chief, Appellate Section, Stephen Gelber, Bennet Hollander, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and DUNCAN *, District Judge.

PER CURIAM.

This is an appeal from a judgment in favor of the United States against defendant Euclid National Bank in the amount of $17,590.01.

The action was brought by the United States pursuant to 26 U.S.C. § 6332(c),[1] alleging the Bank's failure to honor a tax levy assessed against the commercial payroll checking account of a delinquent taxpayer, Julien Construction Company. After a non-jury trial on the merits, the court found that the Bank held certain funds of the taxpayer on May 20, 1970, when the Internal Revenue Service served Notice of Levy upon it. It further found that the Bank's effort to set off monies owed it by the taxpayer was ineffective against the government's tax lien, because it was exercised subsequent to the serving of the Notice of Levy. From these findings the Bank appeals.

Appellant's first contention is that the court's finding that the delinquent taxpayer had an actual credit balance of $17,590.01 in its account on May 20, 1970 was clearly erroneous. Appellant claims instead that the evidence shows that it had no property of the taxpayer when the Notice of Levy was served at 4:15 p. m. on May 20, 1970. In support of its contention, appellant cites paragraph I of the "Rules and Regula-

---

* The Honorable Robert M. Duncan, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. 26 U.S.C. § 6332(c):

"Enforcement of levy.—

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy. Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made."

tions Governing Commercial Accounts" which reads as follows:

"1. Bank, in receiving items for deposit, acts only as collecting agent of depositor and assumes no responsibility beyond the exercise of ordinary care. Items, including those drawn on any office of Bank, will be cashed, accepted or credited provisionally and if not found good may be charged back to depositor's account or the amount thereof recovered from depositor at any time. Unpaid items may be returned by mail at depositor's risk."

The Bank argues that under the quoted rule, the delinquent taxpayer's account received no actual credit on May 19, 1970, when the taxpayer deposited its check for $17,785.05 with the Bank. Further, it argues that there is no evidence in the record to show that the check was ever more than provisionally accepted before the Notice of Levy was received at 4:15 p. m. on May 20, 1970.

We reject appellant's contention that it had no property of the taxpayer when it received the Notice of Levy. The Bank's own records (Exhibits 4 and 8) indicate that the deposit made on the 19th of May by the taxpayer was credited to his account on that date. In addition, testimony of the Internal Revenue Service accountant corroborates these records and supports the district judge's conclusion that the amounts listed in the records represented actual credit balances on the dates in question. We conclude, therefore, the district judge's finding on this factual issue was not clearly erroneous.

■ Next, the Bank challenges as clearly erroneous the finding of the district court that the Notice of Levy was served on the Bank prior to the Bank's attempted setoff of the funds in the taxpayer's account. In support of this contention, appellant relies primarily upon Exhibit D, a document which shows the taxpayer's account being debited in the amount of $17,225.86 and which is dated on the front May 20, 1970. Appellant contends that this document shows that the setoff occurred on May 20, 1970, presumably before the Notice of Levy was received at 4:15 p. m. on that day, and thus the Bank's setoff has priority over the government lien.

The district court held as a factual determination that on May 23, 1970 "the Bank debited the account of Julien Construction Company in the sum of $17,-225.86, setting off the account against the loan indebtedness owed by the Company to the Bank. The evidence fails to establish that the Bank placed any hold on the account relating to a setoff prior to May 23, 1973". This finding has ample support in the Bank's records and summaries received in evidence and is not clearly erroneous. We find no indication that Exhibit D, now relied upon by the Bank, was received in evidence. Rather, the exhibit appears to have been in the nature of a response made by the Bank to the government's request for admissions. Assuming somehow it was properly before the court, the exhibit itself indicates that it was not stamped by a teller until May 22, 1970. Finally and conclusively, a stipulation of facts entered into between the parties "for all purposes connected with suit" expressly states that "On May 23, 1970, the defendant Bank debited the account of Julien Construction for the sum of $17,-225.86, setting off this sum against the loan indebtedness owed by Julien". Under such circumstances, the district judge correctly concluded that the tax lien was superior to the Bank's right of setoff. United States v. First National Bank, 348 F.Supp. 388 (D.Ariz.1970), affirmed 458 F.2d 513 (9th Cir. 1972).

Accordingly, the judgment of the district court is affirmed.