Frederick Lee **ALEXANDER**, Petitioner,

v.

**INTERNAL REVENUE SERVICE**, Respondent.

**Civ. A. No. 85–336 MMS.**

United States District Court, D. Delaware.

Dec. 18, 1985.

Frederick Lee Alexander, pro se.

Richard G. Andrews, Asst. U.S. Atty., Dept. of Justice, Wilmington, Del., for respondent.

MURRAY M. SCHWARTZ, Chief Judge.

Petitioner Frederick Lee Alexander seeks to enjoin the Internal Revenue Service (IRS) from enforcing its levy against him or his business, the Galaxie Inn. On June 10, 1985, this Court denied Alexander's motion for a temporary restraining order and indicated that a hearing on his petition for a preliminary injunction would not be scheduled unless he requested it.

On August 20, 1985, respondent IRS filed a motion to dismiss and an opening brief in support thereof. On September 13, 1985, the Court ordered that petitioner's answering brief be filed by October 3, 1985, and respondent's reply brief be filed by October 16, 1985.

Petitioner has not filed his answering brief or requested an extension of time to do so. The Court will therefore decide the motion to dismiss on the record before it. For the reasons outlined below, respondent's motion to dismiss will be granted.

**Factual Background**

Alexander purchased the Galaxie Inn on January 24, 1985 and is the operator and sole shareholder of the business. The agreement of sale states that Alexander would assume the outstanding obligations of the business, "excluding any payroll debts, wages, or withholding taxes due." Galaxie Inn had an outstanding tax liability for unpaid federal employment taxes in the amount of $20,321.16 for the years 1983 and 1984.

The IRS levied against Galaxie Inn's bank account and its lottery account at the Delaware Trust Company ("bank"). The bank sent to the IRS a check for $10,822.72 in partial satisfaction of the levy, which amount equaled a $5,246.05 balance in the

Galaxie Inn account plus a $5,576.67 balance in the Inn's separate lottery account.

Alexander requests the Court to enjoin the IRS from enforcing its levy against Alexander or the Galaxie Inn and to order the return of any monies released by the bank to the respondent.[1] The IRS argues that Alexander's claim must be dismissed because the Court lacks jurisdiction. It further asserts the claim is barred by the Anti-Injunction Act (26 U.S.C. § 7421); and finally, that the Galaxie Inn remains responsible for its tax obligations as a matter of law notwithstanding any provision in the agreement of sale.

## Discussion

Alexander asserts jurisdiction under 26 U.S.C. § 7426. Section 7426 of the Internal Revenue Code permits persons other than taxpayers to maintain a wrongful levy action in the district court. The relevant subsection reads:

> If a levy has been made on property or property has been sold pursuant to a levy, and [sic] *any person (other than the person against whom is assessed the tax out of which such levy arose)* who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

26 U.S.C. § 7426(a)(1) (1982) (emphasis added).

The statute plainly would not allow the Galaxie Inn to maintain this wrongful levy action. The IRS argues that jurisdiction is likewise lacking for Alexander's claim. The Court agrees.

A corporation is an entity separate and distinct from its shareholders. 1 W. Fletcher *Cyclopedia of the Law of Private Corporations* § 25, at p. 304 (rev. perm.ed.1983). While Alexander owns Galaxie Inn and is obviously concerned with its losses, he does not have the type of "inter-est in or lien on" the bank accounts required by the statute. *See Schroeder v. United States*, 54 A.F.T.R.2d 5239 (D.Minn. 1984) (plaintiff as president, director, and 60% shareholder has no "interest" in corporate accounts receivable levied on by IRS); *Quinn v. IRS*, 84–1 U.S.T.C. ¶ 9337 (E.D. La.1984) (trustees have no "interest in or lien on" ERISA fund). In addition, the bank accounts were not "wrongfully levied upon," since the tax liabilities of Galaxie Inn were not affected by the agreement of sale between the previous owner and Alexander.[2] Jurisdiction is lacking under 26 U.S.C. § 7426.

Moreover, Section 7421(a) of the Code states that, with the exception of actions under Section 7426(a)(1) and sections not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Alexander's attempt to enjoin the IRS from enforcing its levy against Galaxie Inn and to secure the return of the levied fund falls squarely within the prohibition.

A judicial exception to this statutory ban applies where, assuming equity jurisdiction otherwise exists, "it is clear that under no circumstances could the Government ultimately prevail." *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Because this exception does not apply in the present case, the Court is without jurisdiction and the complaint must be dismissed. *See id.*

An Order will be entered dismissing the Complaint for want of jurisdiction.

---

**1.** The Delaware State Lottery Office has made an administrative claim for wrongful levy of the amounts in the lottery account of Galaxie Inn. *Respondent's Opening Brief* at 4. *This claim is* separate and distinct from petitioner's claim.

**2.** The State's interest in the lottery account forms no part of this litigation.