**SECURITY COUNSELORS,
INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 87–2579.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1988.

Decided Nov. 4, 1988.

Lawrence Weltman, St. Louis, Mo., for appellant.

Raymond Hepper, Washington, D.C., for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and STUART, Senior District Judge.*

BOWMAN, Circuit Judge.

Security Counselors, Inc. (hereinafter "Security") appeals a District Court[1] order denying its motion for reconsideration of a claim for wrongful levy under 26 U.S.C. § 7426. We affirm.

Security is a corporation organized and existing under the laws of the State of Missouri. The president and sole shareholder of Security was and is Michael J. Ebeling (hereinafter "Michael").

Morris K. Ebeling (hereinafter "Morris") is Michael's stepson. In 1981, Morris formed Rocky Mountain Investment Properties, Inc. (hereinafter "Rocky Mountain"), which he owned and controlled. After an investigation, the Internal Revenue Service determined that Rocky Mountain owed a total of $256,094.21 in income tax, penalties, and interest for 1983 and 1984. The IRS made a jeopardy assessment for this liability against Rocky Mountain on January 23, 1986 and against Morris as a transferee of Rocky Mountain on December 22, 1986. See 26 U.S.C. §§ 6331, 6861, 6901 (1982 & Supp. IV 1986).

In order to collect the jeopardy assessment against Morris, the IRS moved to reduce to possession a purported debt owed to Morris by Security. This indebtedness arose from Security's sale of a piece of property (the Kehrs Mill property) titled to

Security but which beneficially was owned by Morris. At the sale of the Kehrs Mill property, Michael was presented with a cashier's check for $803,943.58 payable to Security Counselors, Inc. The check was deposited into Security's Barclays Bank account in the Bahamas. While Security claims that the sales proceeds went directly to Morris, the IRS contends that Security retained possession of the proceeds and thereby became indebted to Morris.

On December 22, 1986, the IRS served a notice of levy on Emmons Title Co. (hereinafter "Emmons") in the amount of $256,-094.21. Emmons held in escrow the proceeds from Security's sale of another piece of property (the St. Charles property). The "taxpayer" on the notice was "Security Counselors, Inc., Nominee of/for Morris K. Ebeling." The basis of the levy was that because Security was indebted to Morris, Morris had a claim to the cash that Emmons held in escrow for the benefit of Security, and consequently the IRS could levy on this cash to satisfy Morris's tax liability. The IRS made several attempts on December 22, 1986 to serve Michael, as president of Security, with a copy of the notice of levy, but was unable to do so until the following day.

That same day, December 23, 1986, Emmons turned over $256,094.21 of the sale proceeds to the IRS pursuant to the notice of levy. Security filed the present suit for wrongful levy on March 2, 1987.[2] After a bench trial, the District Court concluded that Security's rights to the seized funds were not superior to those of the United States and that the notice given to Security was adequate to sustain the levy. Accordingly, the court ordered judgment in favor of the United States and denied Security's motion for reconsideration. This appeal followed.

## I.

Security contends that the IRS levy was wrongful because the money seized was taken to satisfy the tax liability of a person with no ownership interest therein. We believe that this contention lacks merit.

■ "In 26 U.S.C. § 7426, Congress has given third parties the right to bring an action against the United States when it is shown property was wrongfully seized pursuant to levy by the IRS." *Arth v. United States,* 735 F.2d 1190, 1192–93 (9th Cir. 1984). Section 7426 contains two prerequisites: (1) that the plaintiff have an interest in or lien on the property at issue, and (2) that the levy be wrongful (*i.e.,* that the property not belong to the taxpayer against whom the levy is directed). *Flores v. United States,* 551 F.2d 1169, 1171 (9th Cir.1977). The plaintiff has the ultimate burden of proof, *i.e.,* the plaintiff must demonstrate that the levy filed against property in his name or possession was wrongful. *Arth,* 735 F.2d at 1193.

The first of the two requirements listed in the preceding paragraph ensures standing, and it was satisfied in this case. The IRS levied upon funds realized from the sale of property owned by Security, which thus had an interest in those funds for purposes of section 7426.

■ The second requirement focuses on the condition precedent to government seizure, namely, that the property seized be that of the taxpayer. The Government has the burden of persuasion on this issue, *see Flores,* 551 F.2d at 1175, and we conclude that the Government met its burden. The evidence adduced by the Government at trial established that Security was indebted to the taxpayer, Morris, in an amount in excess of $800,000. It is well settled that a debt owed to a taxpayer is property of the taxpayer, and, as such, is subject to the levy power granted the IRS by 26 U.S.C. § 6331. *See, e.g., United States v. Weintraub,* 613 F.2d 612, 614–18 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); *cf. United States v. Eiland,* 223 F.2d 118, 121 (4th Cir.1955). Here, the IRS levied on cash held in escrow for the benefit of Security. The purpose of

---

**2.** Count II of the complaint sets forth the wrongful levy claim. Count I, which is not involved in this appeal, concerns a tax assessment made against Security as transferee of Rocky Mountain.

the levy was to reduce to possession the debt owed by Security to Morris. Morris's lack of an interest in the particular property which generated the cash levied on by the IRS is beside the point. By showing that Security owed money to Morris, the Government established the necessary nexus between Morris and the funds of Security on which it levied.

■ It then became the burden of Security to convince the District Court that its debt to Morris had been satisfied prior to the time the levy was made. *See Morris v. United States*, 813 F.2d 343, 348 (11th Cir. 1987). Michael testified that he turned over to Morris the $803,943.58 cashier's check and Security introduced two purported bank deposit receipts totaling $803,-722.33 as evidence that Morris received the Kehrs Mill sale proceeds. Although the District Court did not make an explicit finding on this question of fact, it is apparent from the court's disposition of Security's claim that the court found this evidence unpersuasive and determined that Security failed to carry its burden.[3] We cannot say that the court's determination is clearly erroneous. Indeed, having reviewed the record we are satisfied that the Government's evidence amply supports its position that Security remained indebted to Morris at the time of the levy.

Consequently, we find no reason to disturb the District Court's conclusion that Security's "rights to the seized funds [were] not superior to those of the United States." *Security Counselors, Inc. v. United States*, No. 87–352 C 95, slip op. at 5 (E.D.Mo. Aug. 10, 1987) [available on WESTLAW, 1987 WL47377].

## II.

■ Security argues that the levy was wrongful because the requisite notice and demand for payment of the tax owed by Morris were not given before the levy was made. We disagree. Under 26 U.S.C. § 6331(a), the Government may levy upon all property and rights to property belonging to a delinquent taxpayer. The notice and demand requirements of Section 6331 are exclusively for the benefit of the delinquent taxpayer. They do not apply to a third party, such as Security, who possesses property belonging to the taxpayer.

> Section 6331 ... does not require notice and hearing for third parties, because no rights of third parties are intended to be implicated by § 6331. Indeed, third parties whose property or interests in property have been seized inadvertently are entitled to claim that the property has been "wrongfully levied upon," and may apply for its return either through administrative channels, 26 U.S.C. § 6343(b), or through a civil action filed in a federal district court, § 7426(a)(1); see §§ 7426(b)(1), 7426(b)(2)(A).

*United States v. Rodgers*, 461 U.S. 677, 696, 103 S.Ct. 2132, 2144, 76 L.Ed.2d 236 (1983). *See also Dieckmann v. United States*, 550 F.2d 622, 624 (10th Cir.1977) ("In the ordinary rules of construction, 26 U.S.C. § 7426 [the wrongful levy statute] does not impose a duty on the United States to give notice to a possible third-party claimant or to search for them."); *cf. Jersey Shore State Bank v. United States*, 479 U.S. 442, 449, 107 S.Ct. 782, 786, 93 L.Ed.2d 800 (1987) (Government is not required to provide notice and demand for payment before bringing a civil suit to collect taxpayer's unpaid federal withholding taxes from a lender, which allegedly either had paid wages directly to taxpayer's employees or had supplied funds to taxpayer for those wages with actual knowledge that taxpayer did not intend or would be unable to make timely payment of federal withholding taxes).

In *United States v. National Bank of Commerce*, 472 U.S. 713, 731, 105 S.Ct. 2919, 2930, 86 L.Ed.2d 565 (1985), the Supreme Court explicitly noted that "§ 6331 is a *provisional* remedy, which does not determine the rights of third parties until

---

**3.** Security also contends that the Government wrongfully levied on Emmons Title Co., an entity that was not indebted to the taxpayer, Morris, in any way. However, Emmons clearly held the property levied on in escrow for the benefit of Security, and this contention therefore has no merit.

*after* the levy is made, in postseizure administrative or judicial hearings." *See* 26 U.S.C.A. § 6343(b) (West Supp.1988) (administrative remedy) and 26 U.S.C.A. § 7426(a)(1), (b)(1), (b)(2)(A) (West Supp. 1988) (judicial remedy). This scheme carefully balances the Government's interest in prompt and certain collection of delinquent taxes with the property rights of third parties. We hold that the only notice Security was entitled to receive was the notice of the levy itself, and that its claim that it was entitled to notice and demand for payment of Morris's tax obligation before the levy was made is without foundation.

For the foregoing reasons, the order of the District Court is AFFIRMED.