Carolyn J. WILSON and Roger O. Wilson, Plaintiffs,

v.

UNITED STATES of America and Harry A. Walmsley, Defendants.

No. 87–4457–CV–C–5.

United States District Court, W.D. Missouri, C.D.

July 31, 1989.

Craig A. Van Matre, Columbia, Mo., for plaintiffs.

Robert G. Ulrich, U.S. Atty., Kansas City, Mo., and Robert D. Metcalfe, Dept. of Justice, Washington, D.C., for the U.S.

Joseph Mooney, Clayton, Mo., for Harry A. Walmsley.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Now before the Court is plaintiffs' motion for final order, judgment and decree. Plaintiffs' claims center primarily on 26 U.S.C. § 7426 and seek the return of monies allegedly wrongfully levied upon by the Internal Revenue Service (IRS), and an order prohibiting further wrongful garnishment of plaintiff Roger O. Wilson's property. For the reasons to follow, this Court denies plaintiffs' motion, grants judgment in favor of defendant Internal Revenue Service on all counts, and dismisses plaintiffs' complaint against defendant Walmsley for lack of subject matter jurisdiction.

### I. Background

This action's tumultuous journey through this chambers began on October 8, 1987 with the filing of plaintiff Roger O. Wilson's complaint. Initially, the complaint only alleged a cause of action between

Roger Wilson and the IRS. On August 19, 1988, plaintiff Roger Wilson filed his first amended complaint, adding his wife, Carolyn J. Wilson, as a plaintiff and Carolyn Wilson's ex-husband, Harry A. Walmsley, as a defendant.

Plaintiffs alleged the IRS wrongfully levied on their property when it garnished Carolyn Wilson's wages to satisfy the joint tax liability of Carolyn Wilson and her ex-husband, Harry A. Walmsley. Their action against the IRS is premised upon 26 U.S.C. § 7426 which, in short, permits persons other than the taxpayer to challenge wrongful levies by the IRS on property in which they have an interest. The plaintiffs' claim against defendant Walmsley centers on the separation agreement entered into between Walmsley and Carolyn Wilson executed at the time of their divorce. In that agreement, Walmsley agreed to pay the couple's joint tax liability incurred during their marriage.

Walmsley has been making payments to the IRS, but these payments are being applied to Walmsley's current tax debts. The IRS has taken the position that Walmsley's payments may be used to exhaust his current tax liabilities first and the garnishment of Carolyn Wilson's wages may be applied to the pre-existing joint debt. In short, the IRS is hedging its bets. In her contract action, Carolyn Wilson requests this Court to specifically enforce the separation agreement and require Walmsley to direct the IRS to apply any and all payments he has made to the earlier joint-tax liability of Walmsley and Wilson. This claim obviously rests on state law.

A motion for summary judgment was filed by plaintiffs on September 26, 1988. This motion was summarily granted on October 25, 1988. Defendants filed a motion for reconsideration or, in the alternative, to alter or amend the judgment on November 4, 1988 alleging defects in this Court's sub-ject matter jurisdiction. This Court held a telephone conference with all parties at which it was agreed the Court would take up these objections pursuant to a joint stipulation of facts to be filed no later than March 30, 1989. Defendants' motion for reconsideration was necessarily denied as moot. Plaintiffs have now filed their motion for final judgment in this case. To date, there has been no determination of defendants' objections to the Court's jurisdiction and, irrespective of the fact that no motion is pending directly raising this issue, it is this Court's duty to satisfy itself of its subject matter jurisdiction.

## II. *Analysis*

The federal district courts are courts of limited jurisdiction. Because of this functional constraint, and because it would be an unconstitutional exercise of judicial power if the district courts were to entertain cases not within their subject matter jurisdiction, the rule is well-settled that the party seeking to invoke the jurisdiction of the Court must affirmatively demonstrate the case is within the Court's jurisdiction.[1] 13 C. Wright, A. Miller & I. Cooper, *Federal Practice and Procedure*, § 3522, p. 62 (1984 & Supp.1988); Fed.R.Civ.P. 8(a)(1) ("A pleading ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...."). Typically, a challenge to a court's subject matter jurisdiction will be made upon motion pursuant to Fed.R.Civ.P. 12(b)(1). If the allegation of jurisdiction in the complaint is challenged, the burden is on the party claiming jurisdiction to demonstrate that the Court does indeed have jurisdiction over the subject matter. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942) (citations omitted); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).

In cases where there is no pending motion raising the jurisdictional issue,[2] it is

---

1. Indeed, the presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *See, e.g. Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir.1986) (citing *King Bridge Co. v. Otoe County,* 120 U.S. 225, 226, 7 S.Ct. 552, 552–53, 30 L.Ed. 623 (1887)).

2. It should be noted that the government has previously raised the jurisdiction issue: first, in its opposition to plaintiffs' motion to amend the complaint and then in its motion to reconsider

the Court's duty to raise the jurisdiction issue *sua sponte. See, e.g. Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (citations omitted); *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1986) (citations omitted). This is the initial purpose of today's order. The following explains how the issue is best resolved.

The plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1331 and 26 U.S.C. § 7426. However, 28 U.S.C. § 1331 is of no help to the plaintiffs. General federal question jurisdiction does not waive sovereign immunity. *Murray v. United States,* 686 F.2d 1320, 1325 (8th Cir.1982), *cert. denied* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983) (citation omitted). Because the plaintiffs seek a judgment against the United States, they cannot proceed pursuant to § 1331. Rather, the only manner in which suits may be maintained against the sovereign is pursuant to a specific statute under which the sovereign has consented to suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941) (citations omitted). Therefore, the only potentially viable jurisdictional basis is § 7426(a)(1) of the Internal Revenue Code.

When jurisdictional facts are intertwined with the merits of the case, (i.e., when a federal statute is the predicate to the Court's subject matter jurisdiction) a unique procedural problem arises when it appears a party cannot succeed on the merits. If it appears that the plaintiff has failed to state a cause of action, it could be argued that the plaintiff has failed to state a federal question and, hence, subject matter jurisdiction is lacking. Consequently, the challenge could arguably be pursued

via 12(b)(1), and the Court would be obliged to investigate the jurisdictional facts and, basically, make a premature finding on the merits of the case. This has been the avenue the defendant has pursued when it previously raised its jurisdictional objections. However, courts faced with this situation uniformly hold that the preferable practice is to assume jurisdiction exists and proceed to determine the merits of the claim pursuant to Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 56. *See, e.g. Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 776 (1946); *Sun Valley Gas v. Ernst Enterprises,* 711 F.2d 138, 140 (9th Cir.1983) (citations omitted); 2A *Moore's Federal Practice,* ¶ 12.07 [2.-1] at 12–50 to 12–51 (1989).[3]

■ There is no pending Rule 12(b)(6) or Rule 56 motion. However, the Court may grant summary judgment in favor of a party *sua sponte,* provided the losing party was on notice that he must come forward with his evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1984); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure,* § 2720 pp. 28–29 (1983). There has been no notice as such to plaintiffs. Nevertheless, plaintiffs have previously moved for summary judgment in which they asserted their case in its best light. Further, the facts in this case are undisputed. The Court believes the entry of summary judgment, *sua sponte,* is proper under the unique circumstances of this case and consistent with *Celotex.*

■ The Court will address the plaintiffs' claims separately beginning with Roger Wilson. Wilson premises his cause of action on 26 U.S.C. § 7426 which provides, in pertinent part, as follows:

(a) Actions permitted—

---

or, in the alternative, to alter or amend the judgment. These motions were disposed of on other grounds.

**3.** This course of action offers the non-moving party additional protection because the Court is obligated to determine factual disputes under subdivision (b)(1), while under (b)(6) all of the plaintiffs' factual allegations must be presumed true, and summary judgment pursuant to Rule 56 may be granted only if there are no material

facts in dispute. This method of resolution is not necessary if the "[a]lleged claim under the Constitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell,* 66 S.Ct. at 776. While the claims at issue today could be considered frivolous, the Court will err on the side of protecting the plaintiff's claims and proceed pursuant to the general rule.

(1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring an action against the United States in a district court of the United States....

The IRS is presently garnishing the wages of Carolyn Wilson. Roger Wilson, as her husband, claims an interest in her property and further alleges that the IRS levy thereon was wrongful. The IRS disagrees, arguing that Roger Wilson has no interest in Carolyn's wages. The Court agrees with the IRS that Roger Wilson has no "interest" in Carolyn's property sufficient to satisfy § 7426.

The threshold question of whether and to what extent an individual has an interest in property or right to property is governed by state law. *Aguilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 1279–81, 4 L.Ed.2d 1365 (1960) (citations and footnotes omitted); *Tony Thornton Auction Service v. United States*, 791 F.2d 635, 637 (8th Cir.1986). The Court can only envision one scenario under Missouri law that would simultaneously recognize an interest in Carolyn's property and shield it from IRS garnishment: the property must be considered property held in tenancy by the entirety. In such a case, Roger Wilson would be considered to have an interest in the property and, it is well-established, the IRS could not execute on such property for the pre-existing tax liability of an individual spouse. *See, e.g. Tony Thornton Auction Service*, 791 F.2d at 637–38 [Missouri law]; *United States v. Hutcherson*, 188 F.2d 326, 330 (8th Cir.1951) [Missouri law].

Nevertheless, the Court's research reveals no authority for the proposition that individual wages constitute property held in tenancy by the entirety. Indeed, the very nature of individual earnings belies any assertion that it could be transmuted into property held jointly. Such a transition could be possible if the funds were first deposited into a joint checking ac-

count, but the fact that the wages are garnished prior to receipt by Carolyn Wilson cuts against such a conclusion. Consequently, judgment must be entered against plaintiff Roger Wilson.

■ Likewise, plaintiff Carolyn Wilson cannot sustain a cause of action pursuant to this section. Simply put, Carolyn is the taxpayer and it is clear that taxpayers may not challenge an improper levy pursuant to this section. 26 U.S.C. § 7426(a)(1).

The dismissal of the two claims predicated on § 7426 leaves only the contractual action, premised on state law, between Walmsley and plaintiffs Carolyn and Roger Wilson. Given the fact that the Court has entered judgment against the plaintiffs on the two claims under § 7426, it is this Court's belief that any pendant claim jurisdiction should also be declined. In light of the above, it is hereby

ORDERED that judgment is entered in favor of the government and against plaintiffs Carolyn and Roger Wilson on all counts pursuant to this Court's *sua sponte* disposition by summary judgment. It is further

ORDERED that plaintiffs' claim against defendant Walmsley is dismissed for lack of subject matter jurisdiction. It is further

ORDERED that plaintiffs' motion for final judgment order and decree is denied as moot.