## LLOYD, KANE & WIEDER, P.A.

v.

## UNITED STATES of America.

### Civ. No. Y–90–2799.

United States District Court, D. Maryland.

March 4, 1991.

---

Malcolm Kane, Ellicott City, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., State of Md., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., and Margaret M. Earnest, Washington, D.C., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Plaintiff, Lloyd, Kane & Wieder, acted as settlement agent in the sale of and settlement upon 6937 Eden Mill Road, Carroll County, Woodbine, Maryland and is holding in escrow the sum of $33,981.70 which was levied upon by Defendant, the United States. In the Complaint, Plaintiff urges that the Court quash a federal tax levy and compel the United States to release certain real property from the effect of the federal tax lien. It does not dispute that Defendant has a right to the fund, provided that the United States simultaneously releases its tax lien against 6937 Eden Mill Road, Woodbine, Maryland pursuant to 26 U.S.C. § 6325(b)(2)(A).

Plaintiff seeks relief based upon the statutory exception to the Anti–Injunction Act[1], which provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 7426(a)(1). The United States of America filed a Motion to Dismiss premised upon the failure of the Plaintiff to satisfy the statutory requisite of claiming an interest in or lien on the property in question and claiming that such property was wrongfully levied upon. 26 U.S.C. § 7426. Defendant argues that Plaintiff, therefore, has no standing to bring this action.

Plaintiff contends that it claims an interest in the property since, as an escrow agent, it has a duty to bring action to

---

1. 26 U.S.C. § 7421(a) provides:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

prevent irreparable injury to innocent third parties.[2] As an escrow agent, Plaintiff is, essentially, a fiduciary. Courts have found that fiduciaries have no interest in or lien on property to maintain a wrongful levy action under 26 U.S.C. § 7426. *See Alexander v. Internal Revenue Service*, 628 F.Supp. 433 (D.Del.1985) (purchaser of business lacked requisite interest in or lien on bank accounts of business to maintain suit to enjoin IRS levy); *Quinn v. Internal Revenue Service*, 84–1 USTC para 9337, 1984 WL 25 (E.D.La.1984) (plaintiff trustees, administrators of an ERISA fund, could not enjoin enforcement of IRS levy); *Schroeder v. United States*, 54 AFTR2d 84–5242 (D.Minn.1984) (plaintiff, who was president, director and 60% shareholder of corporation, had no interest in property levied on).

Plaintiff then assumes the taxpayer's position, contending that Defendant has no rights in the fund higher than those of the taxpayer in question, citing *Pittsburgh Nat'l Bank v. United States*, 657 F.2d 36 (3d Cir.1981) and *Stuart v. Willis*, 244 F.2d 925 (9th Cir.1957). In *Pittsburgh*, the taxpayer borrowed money from the plaintiff bank and executed a note, providing that, upon default, the bank could set off its claim against the balance in any of the taxpayer's accounts. The Court held that since Pennsylvania law provided a right to automatic set off, the bank's right extinguished the taxpayer's property rights by operation of law when the note matured. In *Stuart*, the Court did state that the IRS has " 'rights not higher than those of the taxpayer whose right to property is sought to be levied on.' " *Id.* at 929. However, Plaintiff in the case *sub judice* is not the taxpayer whose property is levied on. Therefore, since Plaintiff has no interest in or lien on the property in question, Plaintiff has no standing to bring this action. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 728, 105 S.Ct. 2919, 2928, 86

L.Ed.2d 565 (1985) ("one claiming an interest in property seized for another's taxes may bring a civil action against the United States to have the property or the proceeds of its sales returned").

Furthermore, Plaintiff concedes that the levy was not wrongful. Paragraph 3 of the Complaint states, "[f]or purposes of this action, Plaintiff does not dispute that the taxpayer, Mr. Norvel Dutton, owes the Government back taxes in an amount exceeding $33,981.70; and, that such tax debt was and is a valid lien against 6937 Eden Mill Road." As noted by the Supreme Court in *Nat'l Bank of Commerce*, 472 U.S. at 731 n. 14, 105 S.Ct. at 2930 n. 14, "the legislative history makes clear that the word 'wrongful' as it is used in § 7426(a) refers not to intentional wrongdoing on the Government's part, but rather 'refers to a proceeding against property which is not the taxpayer's (citation omitted).' " *See also, Jefferson Bank & Trust v. United States*, 894 F.2d 1241, 1243 (10th Cir.1990) ("levy is wrongful where property levied upon does not, in whole or in part, belong to taxpayer against whom levy originated"). Thus, Plaintiff recognizes that the lien is not wrongful.

Plaintiff argues that the Government has a right to the fund provided that it release the tax lien pursuant to 26 U.S.C. § 6325(b)(2)(A). Section 6325(b)(2)(A) provides in pertinent part:

**Part Payment; interest of United States valueless.**—Subject to such regulations as the Secretary may prescribe, the Secretary may issue a certificate of discharge of any part of the property subject to the lien if—

(A) there is paid over to the Secretary in partial satisfaction of the liability secured by the lien an amount determined by the Secretary, which shall not be less than the value, as determined by the

---

**2.** 28 Am.Jur.2d, *Escrow* (1966)

§ 16
"Where a person assumes to act and does act as the depositary in escrow, he is absolutely bound by the terms and conditions of the deposit and charged with a strict execution of the duties voluntarily assumed."

§ 17
"The depositary is under a duty imposed by law not to deliver the escrow to anyone except upon strict compliance with the conditions imposed."

Secretary, of the interest of the United States in the part to be so discharged, or

**(B)** the Secretary determines at any time that the interest of the United States in the part to be so discharged has no value.

Thus, the statute provides that the Government's discharge of the lien is purely discretionary and its right to the fund is not a *quid pro quo* to discharge the tax lien.

Since Plaintiff has no standing to bring this action, this case is dismissed.