984 F.2d 355
 71 A.F.T.R.2d 93-823, 93-1 USTC P 50,190
 Jennifer ASPINALL, Marlene Aspinall, Valerie L. Aspinall,
Autumn Gorman, Sandy Gorman, David Hartman, Cecil Hartman,
Jean Salisbury, Joann Salisbury, Catherine K. Houser, John
Doe (A through Z), Mary Roe (A through Z), Plaintiffs,
and
Joseph P. Gorman, Annette Salisbury, Dean Salisbury,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1145.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 20, 1993.
 
 Joseph P. Gorman, Annette Salisbury, Dean Salisbury, pro se.
 James A. Bruton, Acting Asst. Atty. Gen., Gilbert S. Rothenberg and Thomas J. Clark, Attys., Tax Div., Dept. of Justice, Washington, DC (Michael J. Norton, U.S. Atty., of counsel), for defendant-appellee.
 Before McKAY, Chief Judge, and SEYMOUR and KELLY, Circuit Judges.*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiffs-appellants Joseph P. Gorman, Annette Salisbury, and Dean Salisbury appeal from a judgment dismissing their 26 U.S.C. § 7426 action. Our jurisdiction arises under 28 U.S.C. § 1291. We conclude that Plaintiffs failed to show an interest in property to confer standing to bring the action and that their other issues lack merit. We therefore affirm.
 
 Background
 
 2
 On April 5, 1985, the United States executed a search warrant at Plaintiff Joseph Gorman's residence and at the offices of the National Commodity and Barter Association (NCBA) and National Commodity Exchange (NCE), seizing precious metals, coins, and currency. That same day the Internal Revenue Service (IRS) made a $20,000,000 jeopardy assessment against the NCBA/NCE for promoting abusive tax shelters. The IRS then levied on the precious metals, coins, and currency seized during execution of the search warrant, as well as on various bank accounts held in the NCBA/NCE's name, in partial satisfaction of the jeopardy assessment liability.
 
 
 3
 Plaintiffs, who had accounts with the NCE, claim an interest in this property. They brought this action under § 7426, which provides in pertinent part:
 
 
 4
 [i]f a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States....
 
 
 5
 Section 7426(a)(1). The district court ordered Plaintiffs to show that they had an interest in the property. Plaintiffs provided the court with lists of the accounts that each had with the NCBA/NCE, and the approximate value of coins, "federal reserve notes," and precious metals in each account. The district court concluded that Plaintiffs failed to show that they had an interest in the property. The court observed that the NCE operated as a "warehouse bank" in a manner not unlike a commercial bank, and that Plaintiffs were simply creditors of the NCBA/NCE who could not recover property levied on from that organization. It therefore dismissed the action.
 
 Discussion
 
 6
 The relevant rules may be summarized as follows:
 
 
 7
 If the service has wrongfully levied upon property, a person other than the taxpayer may bring a civil action against the United States in a district court in the following circumstances:
 
 
 8
 (1) where a levy has been made upon property ...
 
 
 9
 (2) the party claims an interest in or lien on the property who is not the taxpayer for whose tax the levy was made; and
 
 
 10
 (3) that party claims that the property was wrongfully levied upon.
 
 
 11
 14 Jacob Mertens, Jr., The Law of Federal Income Taxation § 54A.72; 26 U.S.C. § 7426(a)(1); Treas.Reg. § 301.7426-1. Plaintiffs raise several points of error. However, they fail to show an interest in the property which would give them standing.
 
 
 12
 First, they argue that the district court erred by failing to hold an evidentiary hearing at which they could have shown they were not partners with the NCBA/NCE. The partnership issue was raised by the government in its motion to dismiss on the ground that Plaintiffs lacked standing under § 7426, which provides a remedy only to persons other than those against whom an assessment was made. However, the district court denied the motion. The government has not raised the issue on appeal. The district court did not err in denying the hearing.
 
 
 13
 Plaintiffs next contend the district court abused its discretion by failing to grant Dean Salisbury's May 2, 1991, motion for production of documents. The district court denied the motion without elaboration. We may affirm a district court decision on any grounds supported by the record, even grounds not relied on by the district court. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988). The docket sheet shows that the discovery deadline was November 3, 1987. A decision denying the May 2, 1991 motion as untimely would be appropriate. We therefore affirm the denial of that motion.
 
 
 14
 Plaintiffs further contend that the district court erred by failing to conduct an evidentiary hearing to determine if the NCBA/NCE was promoting tax shelters, which was the activity that gave rise to the jeopardy assessment. Section 7426(c) provides that, for purposes of an adjudication under § 7426, "the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid." Plaintiffs were not entitled to a hearing to challenge the assessment.
 
 
 15
 Plaintiffs next argue that the district court judge erred by failing to disqualify himself. The grounds for the motion to disqualify were that the judge had not yet ruled on several motions, had not yet set a trial date, and had ruled against one of the Plaintiffs in another case. Delays or omissions by a judge, or prior adverse rulings against a litigant, are not grounds for disqualification. Kennedy v. Meacham, 540 F.2d 1057, 1060 (10th Cir.1976). The district court did not abuse its discretion in denying the motion.
 
 
 16
 Plaintiffs' remaining arguments relate to whether the district court erred in dismissing this action based on Plaintiffs' failure to adequately identify an interest in the property. Under § 7426, a plaintiff must make an initial showing of some interest in the property levied on to have standing. Century Hotels v. United States, 952 F.2d 107, 109 (5th Cir.1992). "The threshold question of whether and to what extent an individual has an interest in property or right to property [under § 7426] is governed by state law." Wilson v. United States, 725 F.Supp. 456, 459 (W.D.Mo.1989) (citing Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960)).
 
 
 17
 The undisputed facts concerning the nature of the NCBA/NCE's operations show that Plaintiffs and approximately 500 other individuals maintained accounts with the NCE, which purchased gold and silver with funds deposited by account holders. The NCE commingled all of its assets. Plaintiff Joseph Gorman testified that "[t]he sum of everything that was owed to all of the account holders was in one pile, so to speak." I R.S. at 51. The NCE then paid account holders' bills and cashed checks. We have previously described the NCE as the "service wing" of the NCBA, "operated by NCBA members as a private or warehouse bank." National Commodity & Barter Ass'n v. United States, 951 F.2d 1172, 1173 (10th Cir.1991); see also Heinold Hog Mkt., Inc. v. McCoy, 700 F.2d 611, 612 (10th Cir.1983). Defendant agrees with the district court's conclusion that the NCE's operations were similar to those of a bank. We therefore turn to applicable state law regarding bank accounts to determine the nature of Plaintiffs' interests in their accounts.
 
 
 18
 In Colorado, when money is deposited in a bank account, "title to the funds passes to the bank, a debtor-creditor relationship is created, and the money becomes a chose in action in favor of the depositor." Jefferson Bank & Trust v. United States, 894 F.2d 1241, 1243-44 (10th Cir.1990). A general creditor's "mere claim of a contractual right to be paid, unsecured by a lien or other specifically enforceable property interest," is not an adequate interest in property to confer standing under § 7426. Valley Fin., Inc. v. United States, 629 F.2d 162, 168 (D.C.Cir.1980), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Rather, "only persons claiming specific, possessory rights" may seek relief under § 7426. Id. We agree that Plaintiffs were merely general creditors and therefore hold that they had no interest in property sufficient to confer standing under § 7426.[1]
 
 
 19
 Additionally, Plaintiff Joseph Gorman cannot claim an interest in the property in his possession at the time of seizure because he was acting as an agent for the account holders. An agency is a fiduciary relationship. Montano v. Land Title Guarantee Co., 778 P.2d 328, 331 (Colo.Ct.App.1989). Fiduciaries have no interest in or lien on property that would give them standing to maintain a wrongful levy action. Lloyd, Kane & Wieder, P.A. v. United States, 757 F.Supp. 683, 684 (D.Md.1991).
 
 
 20
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [1]
 While we held in United States v. Central Bank, 843 F.2d 1300, 1304-05 (10th Cir.1988), that a depositor's chose in action or claim against a bank arising out of his or her account is a form of property that can be levied on under 26 U.S.C. § 6331(a), we have found no authority holding that property for purposes of § 6331(a) is the equivalent of an interest in or lien on property for purposes of § 7426(a)(1)