**Fred SCHUPPERT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 96–3206.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 11, 1997.

Fred C. Schuppert, Effingham, IL, pro se.

Gerald H. Parshall, Jr., U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION

RICHARD MILLS, District Judge.

"Of all debts, men are least willing to pay the taxes."

Ralph Waldo Emerson [1]

## I. BACKGROUND

On April 10, 1996, the Internal Revenue Service ("IRS") levied $10,976.71 from an account at Ayars State Bank in Moweaqua, Illinois. Said monies were in the "WTP Group" account at Ayars State Bank. The IRS levied the $10,976.71 from the WTP Group account in an attempt to collect unpaid taxes from Herman Wesselman. The IRS states that the WTP Group is the "nominee" of Herman Wesselman, and therefore, it was proper for them to levy the account in order to retrieve Herman Wesselman's unpaid taxes.

Plaintiff Fred Schuppert filed the instant suit alleging that the WTP Group is not the "nominee" of Herman Wesselman. On the contrary, Schuppert alleges that Herman Wesselman had no interest whatsoever in the account at the time when the lien arose. Schuppert asserts that the money belongs to Louise B. Powers, not Herman Wesselman. Accordingly, Schuppert argues that the IRS

---

1. "Politics," *Essays: Second Series*, 1844, *in Complete Works of Ralph Waldo Emerson* 3:199, 215 (1903).

should return the money because it was unlawfully levied.

Pursuant to Federal Rule of Civil Procedure 56, the IRS has moved for summary judgment arguing that Schuppert lacks standing to bring this suit under 26 U.S.C. § 7426. Due to Schuppert's lack of standing, the IRS asserts that the United States is entitled to summary judgment as a matter of law. Along with its motion for summary judgment, the IRS filed a statement of undisputed facts pursuant to Local Rule 7.1(D)(1). However, Schuppert has failed to file a timely response to the IRS's statement as required by Local Rule 7.1(D)(2).

On May 23, 1997, the Court made Schuppert aware of his failure to comply with Local Rule 7.1(D)(2), sent him a copy of Local Rule 7.1, and ordered him to file his response to the IRS's statement of undisputed facts by June 6, 1997. The Court also informed Schuppert that his failure to comply with Local Rule 7.1(D)(2) would result in the IRS's statement being deemed to have been admitted by him in accordance with *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922–23 (7th Cir.1994). As of today, Schuppert has not filed a response to the IRS's statement of undisputed facts. Therefore, the Court will deem the IRS's statement as being admitted by Schuppert.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genu-

ine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

■ Title 26 U.S.C. § 7426(a)(1) permits a civil action against the United States for a wrongful levy of property. "Section 7426 contains two prerequisites: (1) that the plaintiff have an interest in or lien on the property at issue, and (2) that the levy be wrongful (*i.e.*, that the property not belong to the taxpayer against whom the levy is directed)." *Security Counselors, Inc. v. United States*, 860 F.2d 867, 869 (8th Cir.1988). Thus, in order to have standing, a would-be plaintiff must make an initial showing of some interest in the funds or the property levied. *Century Hotels v. United States*, 952 F.2d 107, 109 (5th Cir.1992). As long as the would-be plaintiff has an interest in or a lien on the funds or the property levied, he has standing to sue. *Security Counselors, Inc.*, 860 F.2d at 869. "The common theme is the desirability of confining the right to sue to the person who has the greatest interest in the outcome of the suit, rather than allowing someone with a tenuous interest to gum up the works by suing also or instead." *Frierdich v. United States*, 985 F.2d 379, 382 (7th Cir.1993).

■ In the instant case, Plaintiff has admitted that $10,380.00 of the $10,976.71 levied does not belong to him but rather belongs to Louise B. Powers.[2] While Plaintiff asserts

---

**2.** By failing to respond to this undisputed factual statement tendered by Defendant, Plaintiff has admitted it. *Waldridge*, 24 F.3d at 922–23.

that he had a "moral obligation" (if not a legal one) to return the funds to Louise B. Powers, such an obligation is an insufficient basis upon which to bring a suit under 26 U.S.C. § 7426.[3] *Frierdich,* 985 F.2d at 380–81. Therefore, it is clear that Plaintiff has no standing to bring a suit under 26 U.S.C. § 7426 as to $10,380.00 of the $10.976.71 levied by the IRS.

■ Accordingly, this leaves $201.71 upon which Plaintiff could base his standing to sue under 26 U.S.C. § 7426. Initially, the Court notes that Plaintiff has made no specific ownership claim in the $201.71. Plaintiff does, however, point to a $395.00 check which was made payable to him from Sharon Spence which was deposited into the WTP Group account at the Ayars State Bank. From this check, Plaintiff argues that he had an ownership interest in the funds in the WTP Group account levied by the IRS.

■ "The threshold question of whether and to what extent an individual has an interest in property or right to property [under § 7426] is governed by state law." *Aspinall v. United States,* 984 F.2d 355, 358 (10th Cir.1993), quoting *Wilson v. United States,* 725 F.Supp. 456, 459 (W.D.Mo.1989). In Illinois, "general deposits give rise to a debtor-creditor relationship between the bank and the depositor." *Seaway Nat'l Bank v. Cain,* 257 Ill.App.3d 856, 863, 629 N.E.2d 660, 665, 196 Ill.Dec. 115, 120 (1994). However, "[a] general creditor's 'mere claim of a contractual right to be paid, unsecured by a lien or other specifically enforceable property interest,' is not an adequate interest in property to confer standing under § 7426." *Aspinall,* 984 F.2d at 358, quoting *Valley Fin., Inc. v. United States,* 629 F.2d 162, 168 (D.C.Cir.1980); *see Frierdich,* 985 F.2d at 382–83.

In the case at bar, Plaintiff's deposit of the $395.00 check into the WTP Group account at Ayars State Bank (at best) conferred a debtor-creditor relationship upon Plaintiff.[4]

Plaintiff, therefore, simply became a general creditor which is an insufficient basis to confer standing under 26 U.S.C. § 7426. *Valley Fin., Inc.* 629 F.2d at 168. Finally, Plaintiff's naked assertion that he is the only person who has access to the WTP Group account at the Ayars State Bank is an insufficient basis to deny summary judgment to Defendant in light of the above analysis.

Accordingly, the Court finds that Plaintiff lacks standing to bring this suit under 26 U.S.C. § 7426. The Court also finds that there are no issues of material facts to be determined by the trier of fact and that Defendant is entitled to judgment as a matter of law. Because Plaintiff has failed to establish standing to bring the instant suit under 26 U.S.C. § 7426, the Court need not address the issue of whether there was a wrongful levy.

*Ergo,* Defendant's Motion for Summary Judgment is ALLOWED. Accordingly, summary judgment is entered in favor of Defendant and against Plaintiff. Each party shall bear their own costs.

CASE CLOSED.

---

**3.** Plaintiff states that Louise B. Powers is a friend and a church associate for whom he deposited a check in the WTP Group account. Plaintiff asserts that Louise B. Powers had recently moved into the area and that he deposited the funds into the WTP Group account to assist her. Plaintiff states that once Louise B. Power's cashier's check had "cleared" the bank, he was going to return the funds to her.

**4.** Plaintiff has not alleged that once he deposited the $395.00 check into the WTP Group account that he retained ownership of or an interest in the funds.