**PEOPLES NATIONAL BANK OF WASHINGTON, a national banking association, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–3514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1985.

Decided Nov. 25, 1985.

James L. Austin, Jr., Bernard H. Friedman, Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Seattle, Wash., for plaintiff-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Steve Frahm, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.

SCHROEDER, Circuit Judge.

Peoples National Bank of Washington brought this action against the United States, asking the district court to declare that the United States' tax levy against a depositor's account was invalid. The district court dismissed the action on the ground that the bank had no interest in the account superior to that of the government. In this appeal, the bank argues that its rights in the account are superior by virtue of either its common law right of setoff or a "security agreement," which the depositor executed before the government provided notice of the tax lien. We hold that neither the right of setoff, which was unexercised, nor the "security agreement," which transferred no control over the account to the bank, created any interest superior to that of the government. We therefore affirm.

The facts are not in dispute. The Internal Revenue Service assessed income taxes against Jerry and Susan Redwine in 1981. The Redwines failed to pay the assessment after notice and demand. By operation of law, this created a lien on all of their property, including after acquired property. 26 U.S.C. § 6321.

Two years later, the Redwines borrowed approximately $194,000 from Peoples National Bank and executed, in addition to a promissory note, a security agreement purporting to grant Peoples a security interest in the Redwines' property, including funds deposited with the bank.

Within three weeks after the loan was made, the IRS issued notice to the bank that it was levying on the Redwines' account in the amount of approximately $5,000. As of the time that Peoples received the notice, it had taken no action to set off the funds in the Redwines' account against any claims it had against the Redwines; nor had it otherwise restricted the Redwines' ability to withdraw funds from their account.

After receiving the notice, Peoples filed this action and delivered a check to the clerk of the district court in an amount which would satisfy the levy. The district court dismissed the action, holding that the bank had no rights in the depositors' account which would defeat the government's levy.

■ In this appeal, the bank first argues that the account is not "property" within the meaning of 26 U.S.C. § 6321, which establishes the government's right to impose a lien for taxes on "all property and rights to property" belonging to delinquent taxpayers. The existence of property rights is an issue controlled by state law. *See Aquilino v. United States*, 363 U.S. 509, 512–14, 80 S.Ct. 1277, 1279–81, 4 L.Ed.2d 1365 (1960).

The note the Redwines executed with Peoples was due on demand. Peoples therefore had a right to refuse withdrawal requests from the Redwines and to set off the debt against the Redwines' deposit account at any time. Peoples' theory is that because under Washington law it could at any time refuse to honor a request by the Redwines to withdraw funds from their account, the Redwines had no property interest in the account. It relies on *Allied Sheet Metal Fabricators, Inc. v. Peoples National Bank of Washington*, 10 Wash. App. 530, 518 P.2d 734, *cert. denied*, 419 U.S. 967, 95 S.Ct. 231, 42 L.Ed.2d 183 (1974), which held only that a bank may, without notice, set off a depositor's account to satisfy a debt owed by the depositor to the bank, when such debt is evidenced by a demand note. *Allied* does not hold that an unexercised right of setoff extinguishes a depositor's property interest in an account. Nor do any other Washington cases support this assertion.

■ Authority from other jurisdictions strongly supports the position that an unexercised right of setoff does not terminate the depositor's property rights in an account. *See, e.g., United States v. Citizens & Southern National Bank*, 538 F.2d 1101, 1107 (5th Cir.1976) (Georgia law), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1579, 51

L.Ed.2d 792 (1977); *United States v. Sterling National Bank & Trust Co. of New York*, 494 F.2d 919, 922 (2d Cir.1974) (New York law); *United States v. Trans-World Bank*, 382 F.Supp. 1100, 1104 (C.D.Cal. 1974) (California law); *see also United States v. First National Bank of Arizona*, 348 F.Supp. 388, 389 (D.Ariz.1970), *aff'd*, 458 F.2d 513 (9th Cir.1972). We therefore find no basis for holding that, under Washington law, a depositor loses all property rights in his account simply because the bank has a right to set off funds in the account against an indebtedness owed to the bank.

Peoples next argues that its interest in the deposit account is a "security interest" as defined in 26 U.S.C. § 6323(h)(1), and has priority over the IRS lien because it existed prior to the giving of notice of the tax lien. 26 U.S.C. § 6323(a).

A "security interest" is defined in 26 U.S.C. § 6323(h)(1). That statute requires that the interest must be "protected at local law against a subsequent judgment lien arising out of an unsecured obligation." Washington has adopted the Uniform Commercial Code, but its provisions for perfection of security interests do not apply to interests in deposit accounts. Wash.Rev.Code 62A.9–104(*l*). It is therefore necessary to look to the common law to determine whether the bank's interest in the Redwines' account can defeat a subsequent judgment lien. *See* 1G. Gilmore, *Security Interests in Personal Property* § 10.8, at 316 (1965).

■ Under the common law, a creditor may protect its interest in a deposit account by means of a pledge or an assignment. *See* Zubrow, *Integration of Deposit Account Financing into Article 9 of the Uniform Commercial Code: A Proposal for Legislative Reform*, 68 Minn.L.Rev. 899, 901, 936 (1984). A pledge of a deposit account is effective only upon the transfer from pledgor to pledgee of an indispensable instrument (i.e., one such as a passbook that is necessary to control of the

account). *See, e.g., Duncan Box & Lumber Co. v. Applied Energies, Inc.,* 270 S.E.2d 140, 144 (W.Va.1980); Zubrow, *supra,* at 901 n. 3. Because no such transfer took place in this case, a common-law pledge cannot be said to have occurred.

■ Similarly, the Redwines did not assign their account to the bank. A security agreement at common law constitutes a valid assignment only if it transfers title from the depositor to the bank. *See* Zubrow, *supra,* at 937. Here, the security agreement transferred to the bank no more control over, or interest in, the account to the bank than the bank would have had if there had been no "agreement."

Peoples relies upon *Trust Company of Columbus v. United States,* 735 F.2d 447 (11th Cir.1984), which held, under Georgia law, that a bank account had been successfully assigned to the bank, and that therefore the bank's interest defeated a tax lien. Under the agreement in *Trust Company,* however, the collateral was "delivered, pledged, assigned, conveyed and transferred" to the Trust Company. *Id.* at 448. The depositor thus renounced rights to the account and transferred them to the bank. There was no similar agreement in this case.

■ Peoples' final argument is that its common-law right of setoff against the Redwines' account should be sufficient, as a matter of law, to defeat the government's tax lien. This circuit, however, has three times rejected the argument that an *unexercised* right of setoff defeats a tax lien. *United States v. First National Bank of Arizona,* 458 F.2d 513 (9th Cir.1972), *aff'g* 348 F.Supp. 388, 389 (D.Ariz.1970); *Bank of America National Trust & Savings Association v. United States,* 345 F.2d 624, 625 (9th Cir.), *cert. denied,* 382 U.S. 927, 86 S.Ct. 316, 15 L.Ed.2d 340 (1965); *Bank of Nevada v. United States,* 251 F.2d 820, 825–27 (9th Cir.1957), *cert. denied,* 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958).

Affirmed.