JEFFERSON BANK AND TRUST, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

No. 88–1985.

United States Court of Appeals, Tenth Circuit.

Feb. 5, 1990.

John A. Lobus, John A. Lobus, P.C., Lakewood, Colo., for plaintiff-appellee.

Robert L. Baker, Tax Div., Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, David English Carmack and Stuart E. Horwich, Tax Div., Dept. of Justice, Washington, D.C., and Michael J. Norton, U.S. Atty., Denver, Colo., with him, on the brief), for defendant-appellant.

Before HOLLOWAY and BRORBY, Circuit Judges and BOHANON,* District Judge.

BOHANON, Senior District Judge.

This appeal arises after the plaintiff, Jefferson Bank and Trust ("Jefferson Bank") commenced this action for wrongful levy to secure the return of $93,880.06 paid to the defendant through the Internal Revenue Service ("IRS") with interest thereon. The district court granted summary judgment in favor of Jefferson Bank. 684 F.Supp. 1542. We AFFIRM.

* The Honorable Luther Bohanon, Senior United States District Judge for the Eastern, Northern

**I.**

The material facts of this case are undisputed.

On October 15, 1984, Jefferson Bank leant $300,000.00 to the taxpayer and executed a promissory note containing the following clause:

> Any deposits or other sums at any time credited by or due from the holder to any maker, endorser or guarantor hereof and any securities or other property of the endorser or guarantor hereof in the possession of the holder may at all times be held and treated as collateral security for the payment of this obligation. The holder may apply or set off such deposits or other sums against said liabilities at any time in case of makers, but only with respect to matured liabilities in the case of endorsers or guarantors.

Prior to October 23, 1984, when the taxpayer opened three separate checking accounts with Jefferson Bank, the taxpayer had no accounts with that bank. On May 1, 1986, the maturity date of the taxpayer's obligation to the bank, the promissory note was extended with payment due on October 15, 1986.

On May 12 and October 27, 1986, the IRS made assessments against the taxpayer for unpaid federal employer's taxes. On November 6 and 17, 1986, notices of federal tax liens were duly filed with the Secretary of State of Colorado and were recorded with the Jefferson County Recorder. On December 12, 1986, notice of levy was served upon Jefferson Bank.

The bank monitored the accounts at all times to ensure that there was a balance sufficient to satisfy the delinquent note. The balances in the accounts were never less than the amount owed Jefferson Bank. Thus, the bank took no action to effect an offset against the accounts prior to the IRS's notice of levy.

Jefferson Bank paid $124,839.63 to the IRS pursuant to the IRS's final demand, of which $93,880.06 was paid under protest. Jefferson Bank brought this action for

and Western Districts of Oklahoma, sitting by designation.

wrongful levy to secure the return of the $93,880.06 plus interest.

## II.

The issue is whether the district court erred in holding that Jefferson Bank had a perfected "security interest" in the checking accounts and that such interest was choate at the time the notices of the federal tax liens were filed.

A grant of summary judgment is reviewable *de novo* by this court. *Vibra–Tech Engineers, Inc. v. United States*, 787 F.2d 1416, 1418 (10th Cir.1986); *Boise City Farmers Co-op. v. Palmer*, 780 F.2d 860, 866 (10th Cir.1985). We will affirm when there are no genuine issues of material fact and when the party in whose favor the judgment was rendered is entitled to judgment as a matter of law. *United States v. Colorado*, 872 F.2d 338, 339 (10th Cir. 1989).

## III.

When a taxpayer fails or refuses to pay taxes for which he is liable, the United States can impose a tax lien upon "all property and rights to property whether real or personal, belonging to [the taxpayer]." 26 U.S.C. § 6321 (1987). The lien arises "at the time the assessment is made and ... continue[s] until the liability ... is satisfied or becomes unenforceable by reason of lapse of time." *Id.* at § 6322. This lien is junior to any security interest acquired prior to the time when notice of the tax lien is filed by the IRS. *Id.* at § 6323(a).

The defendant argues that (1) Jefferson Bank did not have a perfected security interest in the taxpayer's bank accounts and (2) the lien of the bank was not choate at the time the defendant notified Jefferson Bank of the tax lien.[1]

## IV.

■ A judicial remedy is available to a person "who claims an interest in or lien on" property upon which the government

wrongfully levied. 26 U.S.C. § 7426(a)(1) (1987). "A levy is wrongful if it 'will or does effectively destroy ... [an] interest in property which is *senior* to the federal tax lien.'" *Trust Company of Columbus v. United States*, 735 F.2d 447, 448 (11th Cir. 1984) *quoting* IRC Reg. § 301.7426–1–(b)(iv)(d). A federal tax lien is not valid against a security interest until proper notice of the tax lien has been filed by the Secretary. 26 U.S.C. § 6323(a) (1987). Under federal law, a security interest is defined as:

> any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at the time (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth.

*Id.* at § 6323(h)(1). The United States Supreme Court has interpreted this statute to require that the security interest be protected under state law and that the interest be choate at the time the government filed the tax lien. *United States v. Pioneer American Insurance Company*, 374 U.S. 84, 88, 83 S.Ct. 1651, 1654–55, 10 L.Ed.2d 770 (1962).

Since it is undisputed that the bank parted with money, the issue is whether the bank's interest in the taxpayer's account was protected at the relevant time by Colorado law "against a subsequent judgment lien arising out of an unsecured obligation," 26 U.S.C. § 6323(h)(1), and whether the bank's interest was choate at the time. *Pioneer American Insurance Company*, 374 U.S. at 88, 83 S.Ct. at 1654–55.

## V.

■ Under Colorado law, when money is deposited in an account, the title to the funds passes to the bank, a debtor-creditor

---

**1.** The bank also argues that the bank had a right to setoff the funds in the taxpayer's account but the bank failed to exercise that right prior to the government's filing of the tax lien. We need not address this issue as the other issues are dispositive.

relationship is created, and the money becomes a chose in action in favor of the depositor. *United States v. Central Bank of Denver*, 843 F.2d 1300, 1305 (10th Cir. 1988); *Cox v. Metropolitan State Bank*, 138 Colo. 576, 336 P.2d 742 (1959). This chose in action is a property right to which a federal tax lien can attach. *Central Bank of Denver*, 843 F.2d at 1305.

"Under the common law, a creditor may protect its interest in a deposit account by means of a pledge or an assignment." *Peoples National Bank of Washington v. United States*, 777 F.2d 459, 461 (9th Cir. 1985) *cited with approval in Central Bank of Denver*, 843 F.2d at 1305. In order for a pledge to be effective, an affirmative act, such as the transfer of an indispensable instrument, must have occurred. *Central Bank of Denver*, 843 F.2d at 1305. An assignment occurs if title to the property is transferred. *Peoples National Bank of Washington*, 777 F.2d at 462. Under Colorado law, title to the taxpayer's deposit accounts passed to the bank creating an effective assignment. And this assignment is a security interest protected by the local law. *See Central Bank of Denver*, 843 F.2d 1300.

The government relies on the court's decision in *Peoples National Bank of Washington*, 777 F.2d at 459. In that case, the court determined that an assignment had not occurred. The assignment was defeated because the agreement did not explicitly state that "the collateral was 'delivered, pledged, assigned, conveyed and transferred' to the trust company." *Id.* We agree with the district court's order in this case that the language required in *Peoples National Bank* is not necessary here since state law provides that title in a deposit account is automatically transferred to the bank.

## VI.

■ In addition to having protection under state law, Jefferson Bank's interest in the taxpayer's deposit accounts must have been choate at the time the government gave the bank notice of the tax liens. Under federal law, liens become choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *Central Bank of Denver*, 843 F.2d at 1307, *quoting Pioneer American Insurance Company*, 374 U.S. at 89, 83 S.Ct. at 1655. It is undisputed that the identity of the lienor and the property subject to the lien were established at the time that the agreement was signed. The government argues that because the accounts fluctuated the amount of Jefferson Bank's lien was not established at the time it received notice of the government's lien. We disagree.

■ The government argues that so long as the taxpayer had the right to withdraw money from the account the property subject to the lien was not established. The loan had matured at the time the government gave the bank notice of its liens. The amount owing the bank was a definite amount of $89,827.83, plus interest at a set rate. The monies above this amount constituted an unsecured loan. The bank had control of the monies in the accounts and could have prevented withdrawal of those monies. In fact the bank continually monitored the accounts to assure that funds were maintained in an amount equal to or greater than the loan. The amount of the lien was established and definite, and Jefferson Bank's interest was choate at the time it received notice of the government's tax lien.

With respect to the issue of choateness, we note the following: *Central Bank* was a suit by the government under 26 U.S.C. § 6332 to fix liability of the bank for not honoring a notice of levy and request for remittance from a taxpayer's general deposit account. We held that the government should prevail because the bank's perfected security interest in the taxpayer's accounts was not in the general deposits of the taxpayer but only in a "Cash Collateral Account;" the bank had not acted as to the general account of the taxpayer before notice and filing of the federal tax lien; and two of the three requirements of choateness were not met—showing the property subject to the lien and the amount of the

lien as a sum certain—when the federal lien was filed. 843 F.2d at 1308.

Here, however, the district court correctly found that in this suit by Jefferson Bank under 26 U.S.C. § 7426 to determine a wrongful levy, the bank had acquired a common law security interest in the sums in the possession of the bank by the note provision (the sums "may be held as collateral security") and by the deposit made by the taxpayer, the note had matured before filing of the tax lien, and thus the bank's interest was "first in time" and prevailed. Order of the District Court (4–27–88) at 8–10.

## VII.

Jefferson Bank's interest in the taxpayer's deposit accounts was choate and protected under local law at the time the government notified it of its lien. Under federal law, the government's tax lien was junior and inferior to Jefferson Bank's security interest.

Accordingly, we AFFIRM the judgment of the district court.