5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeanette MAYER-DUPREE, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, named: United States Government
Department of the Treasury Internal Revenue
Service, Denver, Colorado District,
Defendant-Appellee.
 No. 93-1003.
 United States Court of Appeals, Tenth Circuit.
 Sept. 20, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant challenges the dismissal on motion for summary judgment of her wrongful levy action under 26 U.S.C. 7426. The government seized a vehicle in 1991 in satisfaction of federal tax liens that accrued in 1985 and were noticed in 1988 and 1990. Appellant alleges that she purchased the vehicle from the delinquent taxpayer in 1986. Although she alleges that she received the certificate of title at that time, she did not register the title until after the government seized the vehicle. The district court dismissed her action. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 We review the grant of summary judgment in a wrongful levy action de novo, applying the same standards used by the district court. See Jefferson Bank & Trust v. United States, 894 F.2d 1241, 1243 (10th Cir.1990). We ascertain and apply Colorado law such that we reach the same result that a Colorado court would reach. See Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 870 (10th Cir.1992). We review de novo the district court's interpretation of Colorado law. See Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 4
 Under 26 U.S.C. 6323(a), a federal tax lien is not valid against a purchaser until the government files proper notice of the lien. Section 6323(h)(6) defines a purchaser as one who "acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." We agree with the district court that appellant was not a purchaser because, under Colorado law, her failure to register the certificate of title as required by Colo.Rev.Stat. 42-6-109 (1984) rendered her interest in the vehicle invalid against a subsequent purchaser without notice.
 
 
 5
 Because appellant was not a purchaser, 6323(a) affords her no relief. We therefore AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3